### 25717. CASH v. SMITH, Warden.

HAWES, Justice. Appellant was convicted in the Superior Court of Fulton County on April 1, 1965, of the offense of robbery and sentenced to life imprisonment. Being confined in the Georgia State Prison at Reidsville pursuant to the sentence imposed upon him, he filed in the Superior Court of Tattnall County a petition for a writ of habeas corpus, which writ was issued, and upon the hearing thereof a judgment remanding him to the custody of the warden was rendered. The case is before this court upon appeal from that judgment.

1. The appellant sought to establish his contention that the grand jury which indicted him and the petit jury which tried him were illegally constituted solely by testifying as to statistics relating to the population ratio between white people and Negroes in Fulton County, which statistics admittedly were furnished to him by a named lawyer who was not present and who did not testify on the hearing. This evidence was clearly hearsay and of no probative value, and the trial court did not err in excluding it. The burden was on the applicant to establish his contention with regard to the alleged unconstitutional composition of the jury by evidence having probative value, and this he failed to do. *Pickler v. Smith*, 226 Ga. 109 (172 SE2d 696).

2. The judge of the superior court found as a fact that the applicant is a white man. With respect to this finding, it is sufficient to say that the applicant was in court before the judge who was able to observe him, and though the applicant was reluctant to admit that he was in fact a white man, he nowhere testified that he was a Negro. We cannot say, under these circumstances, that the trial judge was not authorized to find that he was in fact a white man. In view of this finding, the burden was on the applicant to prove purposeful discrimination and that he was prejudiced by the systematic exclusion of Negroes from the jury panel which indicted and tried him. *Whitus v. Georgia*, 385 U. S. 545 (87 SC 643, 17 LE2d 599); *Massey v. Smith*, 224 Ga. 721 (164 SE2d 786).

3. It was not error for the trial judge to refuse to grant applicant's motion that counsel be appointed for him which motion was made at the beginning of the hearing of his application for habeas corpus. Whatever may be the nature of a habeas corpus proceeding, it is not, strictly speaking, a criminal proceeding such as comes within the constitutional guarantee of the right to representation by counsel. See *Simmons v. Ga. Iron &c. Co.,* 117 Ga. 305 (1) (43 SE 780, 61 LRA 739); *Dutton v. Willis,* 223 Ga. 209 (154 SE2d 221) and Hatfield v. Bailleaux, 290 F2d 632.

*Judgment affirmed. All the Justices concur.*

SUBMITTED MARCH 11, 1970—DECIDED MAY 7, 1970.

John Virgil Cash, *pro se.*

*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Marion O. Gordon, William R. Childers, Jr., Assistant Attorneys General,* for appellee.