## 26342.   BARRETT v. SMITH.

FELTON, Justice. 1. The 1967 case of Whitus v. Georgia, 385 U. S. 545 (87 SC 643, 17 LE2d 599), will not be given retroactive application in this case in which no challenge to the array of jurors, on the ground of racial discrimination, was made at the time of the appellant's trial in 1945. *Brawner v. Smith,* 225 Ga. 296 (167 SE2d 753), cert. den. 396 U. S. 927 (90 SC 262, 24 LE2d 225); *Gresham v. Smith,* 226 Ga. 290 (1) (174 SE2d 420). Furthermore, the contention merely that petitioner is "being held in violation of his constitutional rights" is not, by itself, a sufficient reason for setting aside the sentence on habeas corpus. *Salisbury v. Grimes,* 223 Ga. 776 (1) (158 SE2d 412); *Gresham v. Smith,* supra, (2). Enumerated error 1 is without merit.

2. "It is a well-settled rule of practice and procedure that where one, as here, has been convicted of crime, habeas corpus cannot be used as a substitute for appeal or other remedial procedure for the correction of errors and irregularities; nor can it be used as a second appeal for such purpose. It is an appropriate remedy only when the judgment or sentence under which applicant is being restrained is not merely erroneous but is absolutely void." *Ferguson v. Balkcom,* 222 Ga. 676, 677 (151 SE2d 707) and cit.; *Bonner v. Smith,* 226 Ga. 250 (3) (174 SE2d 438). "It is not the function of the writ of habeas corpus to determine the guilt or innocence of one accused of crime," or to review the sufficiency of the evidence to support a conviction. *Bush v. Chappell,* 225 Ga. 659, 660 (171 SE2d 128) and cit. It is not shown in this case that the judgment or sentence under which applicant is being restrained is erroneous, much less void. Enumerated error 2 is without merit.

3. The appointment of an attorney in a habeas corpus case is not required; therefore, failure to appoint counsel in such case was not error. *Croker v. Smith,* 225 Ga. 529, 530 (169 SE2d 787). Enumerated error 3 is without merit.

The court did not err in its judgment remanding the petitioner to the warden.

*Judgment affirmed. All the Justices concur.*
SUBMITTED FEBRUARY 9, 1971—DECIDED MARCH 4, 1971.

Willie A. Barrett, *pro se.*

Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Courtney Wilder Stanton, William R. Childers, Jr., Assistant Attorneys General, for appellee.

