26654.   WARD v. SMITH.

Submitted September 13, 1971—Decided October 7, 1971— Rehearing denied October 21, 1971.

*Howard Moore, Jr., Peter E. Rindskopf, Jack Greenberg, Jack Himmelstein,* for appellant.

*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Courtney Wilder Stanton, Mathew Robins, Assistant Attorneys General, B. D. Dubberly, Jr.,* for appellee.

Mobley, Presiding Justice. The question in this case is whether the State of Georgia is required, when requested by an indigent who has been convicted of murder and sentenced to death, to pay the travel expenses of expert witnesses from their homes in various parts of the United States, outside of Georgia, to give testimony in the trial of this habeas corpus proceeding brought by the appellant against the Warden of the Georgia State Prison.

The appellant appeals from, and enumerates as error, the order of the court overruling and denying his motion for allowance of expenses in the amount of $1,215.01 for the production of expert witnesses on the ground that he is a pauper and that to deny him the opportunity to produce the testimony of expert witnesses that would be available to him if he could provide their expenses, denies his right to due process and equal protection of the laws under the Fourteenth Amendment of the United States Constitution (*Code* § 1-815). The trial judge certified the case for immediate review.

The appellant alleged in his motion that the expert witnesses would testify that the death sentence is given to blacks for capital crimes, but not to whites, and that such disproportionate sentencing is explicable only because of the race of the person accused and convicted; and that the death penalty constitutes cruel and inhumane treatment, in violation of the Eighth and Fourteenth Amendments of the United States Constitution (*Code* §§ 1-808, 1-815), and Art. I, Sec. I, Par. IX of the Constitution of Georgia (*Code Ann.* § 2-109).

Habeas corpus is a civil proceeding under the laws of this State. *Neal v. Smith,* 226 Ga. 96 (6a) (172 SE2d 684); *Cash v. Smith,* 226 Ga. 318 (3) (175 SE2d 10); *Johnson v. Smith,* 227 Ga. 611 (4) (182 SE2d 101). There is no statutory law or precedent in this State for paying the expenses of witnesses from foreign States to testify in a habeas corpus case or other civil proceeding in this State.

However, it is not necessary in the determination of this case to pass upon the question of whether failure of the State to pay travel expenses of the witnesses denies the appellant due process of law and equal protection of the law. The evidence sought by the appellant could have been procured without bringing the witnesses to Georgia to testify. Habeas corpus being a civil case, the appellant could have procured the testimony of these witnesses by deposition, either oral examination or written interrogatories. *Code Ann.* § 81A-126 (Ga. L. 1966, pp. 609, 635; Ga. L. 1967, pp. 226, 233). See *Neal v. Smith,* 226 Ga. 96 (6a), supra. This evidence would be admissible in the trial of the habeas corpus proceeding.

The trial court properly denied the motion for allowance of expenses for the production of expert witnesses.

*Judgment affirmed. All the Justices concur.*