26735.   SNELL v. SMITH.

SUBMITTED SEPTEMBER 14, 1971—DECIDED OCTOBER 21, 1971.

Joseph W. Snell, *pro se.*

*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, B. Daniel Dubberly, Jr., Deputy Assistant Attorney General, Courtney Wilder Stanton, Dorothy T. Beasley, Assistant Attorneys General,* for appellee.

FELTON, Justice. Joseph Snell appeals from the judgment of the Superior Court of Tattnall County denying his petition for writ of habeas corpus and remanding him to the custody of S. Lamont Smith, Warden of Georgia State Prison at Reidsville, to serve the remainder of his 20-year-sentence for the crime of rape imposed by Richmond County Superior Court. His petition, insofar as necessary to recite here, makes the following allegations: that he was forced and coerced into making an incriminating confession; that he was not informed of the charges or the nature of the charges against him; that he was legally insane at the time of the alleged offense; that the court was prejudiced against him; that during his confinement in jail prior to his trial, he was subjected to constant threats of violence and maltreatment, including insults by attending psychiatrists, who were appointed to determine his sanity.

1. Enumerated error 2 is the court's "failure to allow the admission of evidence that would show appellant did not voluntarily, knowingly and intelligently enter a plea of

guilty, but that it was a result of mental coercion." The appellant's claim in the court below was that he had made an incriminating *confession* which was coerced. The attack on the voluntariness of the *plea* was not made in the petition for the writ of habeas corpus and it can not be made for the first time on appeal to this court. *Archer v. Clark,* 202 Ga. 229 (1) (42 SE2d 924); *Bonner v. Smith,* 226 Ga. 250 (2) (174 SE2d 438) and cit. Even if the entering of the plea can be here attacked, moreover, the record shows that it was done with the assistance of counsel and that appellant knew when he did it that he would "get some time." Nor can appellant be heard to complain that he was not informed of the charges or the nature of the charges against him, since the guilty plea, signed by his attorney and himself, specifically "waives copy of indictments, list of witnesses, full panel, *formal arraignment. . .*" (Emphasis supplied). Furthermore, if appellant is seeking to urge that his confession was coerced, even if such is true, no constitutional right was thereby violated, since he plead guilty and no confession was used against him in the sentencing court. *Sharpe v. Smith,* 225 Ga. 52, 53 (165 SE2d 656).

2. The court did not err, as is contended in the third enumerated error, in sustaining the objection to certain documentary evidence purportedly relating to the appellant's legal competence at the time of the offense. "It is not the function of the writ of habeas corpus to determine the guilt or innocence of one accused of crime." *Bush v. Chappell,* 225 Ga. 659, 660 (171 SE2d 128); *Echols v. Smith,* 227 Ga. 343, 344 (180 SE2d 699). The alleged incompetency would constitute a defense which should have been raised in the trial court and the valid plea of guilty waived all defenses, known and unknown. *Goodwin v. Smith,* 226 Ga. 118, 120 (172 SE2d 661), citing Edwards v. United States, 256 F2d 707, 709 (D. C. Cir. 1958), cert. den. 358 U. S. 847 (79 SC 74, 3 LE2d 82) (1958).

3. Enumerated error 4, the court's failure to subpoena the appellant's witnesses, is without merit. "A habeas corpus proceeding is not a criminal prosecution and the court is

not required to subpoena witnesses for the prisoner in such cases." *Johnson v. Smith,* 227 Ga. 611 (4) (182 SE2d 101). Furthermore, the appellant announced ready to proceed at the hearing without complaining of the absence of any witnesses, asking for a continuance, or seeking any explanation or guidance from the court on how to assure the presence of such witnesses.

4. The court did not err in refusing to grant applicant's motion that counsel be appointed for him in this habeas corpus proceeding. *Croker v. Smith,* 225 Ga. 529 (1) (169 SE2d 787); *Cash v. Smith,* 226 Ga. 318 (3) (175 SE2d 10).

5. An examination of the record fails to reveal that any of appellant's constitutional rights were denied him, as contended in his first enumerated error. The charge that the criminal trial court was prejudiced, was not pursued either in the court below or here, not being enumerated as error or argued, and is not supported by the record; hence, it is deemed abandoned and without merit. The applicant was represented throughout the trial by counsel, whose competence is not attacked.

*Judgment affirmed. All the Justices concur.*