## 27094. WAYMAN v. CALDWELL.

UNDERCOFLER, Justice. Willie Wayman filed application for the writ of habeas corpus in the Superior Court of Tattnall County against E. B. Caldwell, Warden of the Georgia State Prison. After the hearing, the trial court remanded the applicant to the custody of the respondent. He appeals from this judgment. *Held:*

1. The appellant contends that he was entitled to have an attorney represent him at the habeas corpus hearing even though he did not request the court to appoint one for him.

This court has repeatedly held that a habeas corpus case is not a criminal proceeding, and that neither the Sixth Amendment of the Constitution of the United States nor Art. I, Sec. I, Par. V (*Code Ann.* § 2-105 of the Georgia Constitution) requires the appointment of counsel for the petitioner. *Cash v. Smith,* 226 Ga. 318 (3) (175 SE2d 10); *Barrett v. Smith,* 227 Ga. 358 (3) (180 SE2d 698); and *Snell v. Smith,* 228 Ga. 249, 251 (184 SE2d 660).

There is no merit in this contention of the appellant.

2. The record shows that the appellant is being held by the respondent on the following sentences: From Fulton County Superior Court, dated February 19, 1969—for murder, a life sentence; for robbery, a 20-year sentence; for 4 counts of robbery, 20 years on each count; and for 5 counts of robbery, 20 years on each count. From Gwinnett County Superior Court, dated January 13, 1970—for robbery, a life sentence; and for kidnapping, a 7-year sentence.

The applicant contends that he was not informed of his rights, that he was placed in a police line-up without the assistance of counsel, that he was beaten into a confession by the police, that he was not of sound mind at the time he made statements to the police, that he had been subject to cruel and unusual punishment, and that his rights under the 5th, 6th and 14th Amendments of the United States Constitution have been denied him.

The evidence at the habeas corpus hearing shows that all of the crimes charged against the appellant started in Gwinnett County and ended in Fulton County. The appellant testified that he was tried on circumstantial evidence, was placed in a line-up against his will and did not have an attorney present at the time he was being interrogated; that he was beaten and forced to sign some written confessions; that he told his employed counsel these facts; that after his co-indictees had been tried and convicted in Fulton County, his employed counsel told him that the evidence was such that he should plead guilty to all the Fulton County charges and escape the death penalty.

He testified that after his co-defendants had been tried and convicted, he was placed on trial in Gwinnett County; he was taken to the courtroom in his prison clothes and handcuffed, his appointed counsel objected, but his objection was overruled. He testified further that one of his co-indictees had turned State's evidence, the State had pictures of the victims of the crimes there, one of whom had "his head blown off" and the others "slightly damaged"; the Fulton County officers were present in Gwinnett County and were going to testify against him; and he and his appointed counsel felt that he would lose the case if he were tried. He plead guilty to the Gwinnett County charges so that he would not receive the death penalty.

This evidence shows that the appellant freely, voluntarily, and intelligently plead guilty to the indictments in Fulton and Gwinnett Counties.

There was no evidence introduced at the habeas corpus hearing to support his allegation that he was "legally insane at the time he made the confessions and admission of guilt."

3. The appellant contends that the habeas corpus court departed from the issues presented by his petition and allowed the district attorney to question him about "irrelevant" questions which were prejudicial to him. The

record does not sustain this contention. It shows that the trial court repeatedly asked the appellant to say anything that he desired about the habeas corpus proceeding and that no irrelevant questions were asked him.

*Judgment affirmed. All the Justices concur.*
SUBMITTED MARCH 13, 1972—DECIDED APRIL 6, 1972.

Willie Wayman, *pro se.*
*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Courtney Wilder Stanton, Dorothy T. Beasley, Assistant Attorneys General,* for appellee.