## 27150. MOORE v. CALDWELL.

UNDERCOFLER, Justice. Robert L. Moore filed an application in the Superior Court of Tattnall County for the writ of habeas corpus against Jack Caldwell, Jr., Warden of the Georgia State Prison. The record shows that the applicant is being detained by the respondent by virtue of 5 sentences—3 fifteen-year sentences for robbery, and 2 fifteen-year sentences for rape. All the sentences were from the Superior Court of Fulton County and were to run concurrently. The applicant is required to serve 10 years of each sentence with the remainder suspended on condition. The applicant entered guilty pleas on all of these charges. After a hearing, the applicant was remanded to the custody of the respondent. He appeals from this judgment. *Held:*

1. The appellant contends that he was denied the right to counsel during his interrogation by the police, despite his request therefor.

The record shows that several times during the habeas corpus hearing the appellant was given the opportunity to state the circumstances and details surrounding his alleged denial of the right to counsel and he failed to supply any facts to substantiate his charge. The record shows that he had counsel at the time he entered his pleas of guilty. He refused to answer the propounded questions as to whether or not he had advised his counsel of the alleged threats and force used against him to coerce an admission of guilt. From these facts the habeas corpus court held: "Thus it is not shown that there is any causal relationship between the alleged denial of counsel at the interrogation and the subsequent conviction of the petitioner on his pleas of guilty. This court finds that there has been no denial of petitioner's right to counsel."

There is no merit in this contention.

2. The appellant contends that the habeas corpus judge erred in refusing to appoint counsel to represent him at the habeas corpus hearing. This court has repeatedly

held that a habeas corpus case is not a criminal proceeding and the Sixth Amendment to the Constitution of the United States and Art. I, Sec. I, Par. V (*Code Ann.* § 2-105) of the Georgia Constitution do not require the appointment of counsel for the petitioner. *Cash v. Smith,* 226 Ga. 318 (3) (175 SE2d 10); *Barrett v. Smith,* 227 Ga. 358 (3) (180 SE2d 698); *Snell v. Smith,* 228 Ga. 249 (4) (184 SE2d 645). There is no merit in this contention.

3. At the habeas corpus hearing the appellant contended that he was denied the right to challenge the composition of the grand jury which returned the indictments against him. There was no evidence introduced to support this contention except the bare statement of the appellant.

A presumption exists in favor of the validity of sentences, especially where they are based on pleas of guilty. *Johnson v. Smith,* 225 Ga. 519 (169 SE2d 812). The bare assertion of the appellant is not sufficient to overcome this presumption.

There is no merit in this contention.

*Judgment affirmed. All the Justices concur.*
SUBMITTED APRIL 11, 1972—DECIDED MAY 3, 1972.

Robert L. Moore, *pro se.*

*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Courtney Wilder Stanton, Dorothy T. Beasley, Assistant Attorneys General,* for appellee.