27131.   DAVIS v. CALDWELL.

SUBMITTED APRIL 10, 1972—DECIDED MAY 3, 1972.

Larry Ronald Davis, *pro se.*

*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Courtney Wilder Stanton, David L. G. King, Jr., Assistant Attorneys General,* for appellee.

GRICE, Presiding Justice. The appellant Larry Ronald Davis pleaded guilty in the Superior Court of Cobb County to charges of the murder, rape, kidnapping and robbery of Susan Doty and received four life sentences to run consecutively. In this habeas corpus proceeding against the Warden of the Georgia State Prison he attacks the murder sentence which he is now serving.

The respondent warden E. B. Caldwell denied the essential allegations of the petition.

Upon the habeas corpus hearing the judge made findings adverse to the appellant and remanded him to the custody of the warden. This appeal is from that judgment.

The appellant enumerates the following as error: (1) failure to appoint counsel for the habeas corpus hearing; (2) refusal to admit into evidence at the habeas corpus hearing a psychiatric opinion as to his mental state when he entered a plea of guilty; and (3) failure to find that he had ineffective assistance of counsel upon entry of the plea.

1. There is no error in the enumeration as to appointment of counsel. A habeas corpus proceeding is not a criminal action and therefore does not require it. *Dutton v. Willis,* 223 Ga. 209 (154 SE2d 221); *Cash v. Smith,* 226 Ga. 318, 319 (175 SE2d 10).

2. It was likewise not error to refuse to admit into evidence upon the habeas corpus hearing a psychiatric opinion of the appellant's mental state at the time of his plea of guilty. No issue as to mental capacity was raised in the appellant's petition. Furthermore, the record of the sentencing proceedings in the trial court shows that the plea of guilty was entered into knowingly and voluntarily, in compliance with Boykin v. Alabama, 395 U. S. 238 (89 SC

1709, 23 LEd2d 274). See *Purvis v. Connell,* 227 Ga. 764 (182 SE2d 892); *Wayman v. Caldwell,* 229 Ga. 2.

3. The habeas corpus court did not err in failing to find that appellant had ineffective assistance of counsel. The record shows that court-appointed counsel diligently and capably performed their duties in representing the appellant.

We find no error.

*Judgment affirmed. All the Justices concur.*