## 27461. REESE v. AULT.

JORDAN, Justice. Reese, petitioner in habeas corpus, appeals an order denying the writ and remanding him to custody.

In his petition he alleged that he was held under concurrent life sentences for two convictions of robbery in Thomas Superior Court in violation of his constitutional rights as follows: 1. The juries for indictment and trial were from lists compiled from a racially designated tax digest. 2. He was forced to participate in a pre-trial line-up without counsel. 3. He was subjected to continuous police interrogation and held incommunicado without benefit of counsel for over 48 hours "by the Monticello Sheriff Department of Jefferson County Florida." 4. He was subjected to an illegal arrest and search of his person, car, and suitcase. 5. He was returned to Georgia from Florida by Thomas County law enforcement officers without legal extradition. 6. He was forced and intimidated into making an illegal plea of nolo contendere to a capital offense by his appointed attorney without knowing the meaning of the plea. He sought, among other things, the assistance of an appointed counsel in the prosecution of his petition, and a subpoena of the jury clerk and jury commissioners of Thomas County, requiring them to appear with the 1966 Thomas County tax digest.

Before the scheduled hearing the respondent moved to dismiss, citing *Code Ann.* § 50-127 (10), and at the hearing submitted evidence of previous habeas corpus proceedings. An order dated April 3, 1969, in Case No. 5672, Tattnall Superior Court, discloses a determination that none of the constitutional rights of the petitioner had been violated, and that he was then serving concurrent life sentences imposed on October 27, 1966, and November 3, 1966. The hearing judge in that case also specifically determined that the petitioner was legally extradited from Florida, and that his rights were not violated in respect to interrogation. An order dated Novem-

ber 21, 1969, in Civil Action No. 880, the United States District Court for the Middle District of Georgia, Thomasville Division, discloses a complete review of the record and transcript of the proceedings in Tattnall Superior Court, and a conclusion that the merits were resolved in the Tattnall Superior Court hearing, and that the action taken by that court was authorized. In his petition before the district court he alleged that he was illegally extradited, that he was held in custody in Thomas County without benefit of counsel or bail, that he was held incommunicado in Monticello, Florida, for over 48 hours and subjected to continuous interrogation without benefit of requested counsel, that his arrest and the search of his person and car were illegal, that the material seized was illegally used as evidence against him, that he was not provided with counsel who had adequate time to prepare a defense and advise him of his rights, and that he was placed in a pre-trial line-up without benefit of counsel. On April 19, 1971, his motion for leave to file a petition of habeas corpus was denied by the United States Supreme Court. Reese v. Smith, 402 U. S. 904 (91 SC 1397, 28 LE2d 663).

From a comparison of the contentions in the present proceeding with that of the other proceedings, it is clear that the only contention which is novel in the present proceeding is with respect to jury selection from a racially designated tax digest. The 1967 statute (Ga. L. 1967, pp. 835, 838; *Code Ann.* § 50-127 (10)), provides specifically that "a subsequent application for a writ of habeas corpus . . . need not be entertained . . . unless the application alleges and is predicated upon a ground not adjudicated on the hearing of the earlier application . . . and unless the court is satisfied that the applicant has not on the earlier application deliberately withheld the newly asserted ground." It has been ruled time and again that a petitioner in habeas corpus attacking the illegality of detention pursuant to sentence for a crime is not entitled to appointed counsel. The petitioner appeared pro se

in the court below at the hearing and it is clear from the transcript of the hearing that he conceded that his only new contention was his purported attack on jury selection. It also appears that he was fully apprised of the provisions of *Code Ann.* § 50-127 (10), but there is a total absence of any explanation on his part to afford the trial judge any basis for a determination that he had not previously deliberately withheld this newly asserted ground.

Under the circumstances here shown the pleadings and record authorize the action of the trial judge and the appeal is without merit.

*Judgment affirmed. All the Justices concur, except Hawes and Gunter, JJ., who dissent.*

Submitted September 12, 1972—Decided November 9, 1972.

James X. Reese, *pro se.*

*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Courtney Wilder Stanton, William F. Bartee, Jr., Assistant Attorneys General,* for appellee.

Gunter, Justice, dissenting. I agree with the majority that the only "new contention" raised in this third application by the appellant for a writ of habeas corpus is that the appellant's present confinement is constitutionally impermissible because it is based on an indictment by a grand jury and a verdict of a petit jury from which Negroes were excluded by reason of their race. All other contentions raised in the present application were satisfactorily and legally determined adversely to the appellant in two previous habeas corpus actions, one in the State court and one in the United States District Court.

This third application for a writ of habeas corpus, now under review, raised this "new contention" with respect to the unconstitutional composition of the grand jury that indicted him and the petit jury that convicted him. The present application under review also prayed that the tax digest, the jury clerk, and the three jury commissioners of

Thomas County, Georgia, be subpoenaed for the hearing because these "stated documents and witnesses will support the facts set forth in this petition."

At the habeas corpus hearing the State moved for summary judgment on the ground that all contentions made in the present application had previously been decided adversely to the appellant in the two previous habeas corpus proceedings with the exception of the one "new contention" made concerning composition of the juries. And on this latter issue the State contended that it could have been made and should have been made in one or both of the appellant's previous habeas corpus proceedings. In this connection the State relied on *Code Ann.* § 50-127 (10).

As I understand this Code section a subsequent application need not be entertained unless the application alleges and is predicated upon a ground not adjudicated in an earlier habeas corpus action or unless the habeas corpus court is satisfied that the applicant has not on the earlier application "deliberately withheld the newly asserted ground." It is conceded here that the "new contention" has not been previously adjudicated; and it is difficult for me to understand how a court can decide that the applicant deliberately withheld in the previous habeas corpus proceeding a contention that he now genuinely believes to make his present incarceration constitutionally illegal.

The present application alleges that the grand jury and petit jury were unconstitutionally selected and assembled. The application sought to show this by documents and witnesses sought to be subpoenaed. The record shows that the appellant was cut off from making this showing. It seems to me that in this situation it was incumbent upon the State to show that the grand jury and the petit jury which indicted him and convicted him were not infected with this constitutional infirmity alleged.

The essence of the appellant's claim is that the tribunals which indicted and convicted him were constituted in a manner that is prohibited by the "law of the land" as set forth in the Georgia Constitution and the United States

Constitution. I think that he is entitled to a decision on that claim. See Whitus v. Georgia, 385 U. S. 545 (87 SC 643, 17 LE2d 599), and Peters v. Kiff, 407 U. S. 493 (92 SC 2163, 33 LE2d 83).

I would reverse the judgment and remand the case to the habeas corpus court with direction to decide the issue with respect to the composition of the grand jury and the petit jury.

I respectfully dissent.