## 27512. WALLACE v. AULT.

UNDERCOFLER, Justice. Edward Lee Wallace filed an application for the writ of habeas corpus in Butts Superior Court. His application asserts that he was charged with murder, tried by a jury, found guilty of voluntary manslaughter, and sentenced to 18 years in the penitentiary; that he was tried by an all-white jury because all the black jurors had been stricken by the State; that the jury was comprised of the friends and business associates "of the corpus delicti"; that the jury was comprised of no one who objected to capital punishment since the State had stricken them; that the judge did not inform him of his constitutional rights and did not inform the jury that he had no previous record; that the jury was allowed to leave the courthouse; that he was not advised of his right to appeal; and that his attorney was remiss in his duties. After a hearing the habeas corpus judge remanded the applicant to the custody of the respondent. The appeal is from that judgment. *Held:*

1. After hearing the testimony and considering the documentary evidence the trial court found: "Findings of Fact. The petitioner stated very simply that he did not have 'a fair trial.' He offered no other evidence. Conclusions of law. The court finds that the petitioner failed to prove his case. The court further finds that none of the petitoner's constitutional rights were violated and that he is being lawfully restrained of his liberty by the respondent." The findings of the court are supported by the record.

"Upon the trial of the case there existed a presumption in favor of the conviction or judgment thereof unreversed, and that the decision of the court convicting him was well founded (*Code* § 38-114; *Stanforth v. Balkcom,* 217 Ga. 816 (125 SE2d 505)), and the burden of overcoming this presumption in a habeas corpus proceeding is upon the prisoner. *Gay v. Balkcom,* 219 Ga. 554 (134 SE2d 600); *Dutton v. Parker,* 222 Ga. 532 (150 SE2d 833))."

*Dutton v. Morris,* 222 Ga. 595 (1) (151 SE2d 125); *Burston v. Caldwell,* 228 Ga. 795 (1) (187 SE2d 900).

2. The appellant contends here that the habeas corpus proceedings in the trial court were not fair since he did not have counsel and that he is entitled to counsel as a matter of right. This contention is without merit.

An application for the writ of habeas corpus is not a criminal proceeding, and neither the Sixth Amendment of the Constitution of the United States nor Art. I, Sec. I, Par. V (*Code Ann.* § 2-105) of the Georgia Constitution requires the appointment of counsel for the petitioner. *Cash v. Smith,* 226 Ga. 318 (3) (175 SE2d 10); *Barrett v. Smith,* 227 Ga. 358 (3) (180 SE2d 698); *Snell v. Smith,* 228 Ga. 249, 251 (184 SE2d 645); *Wayman v. Caldwell,* 229 Ga. 2 (1) (189 SE2d 74); *Moore v. Caldwell,* 229 Ga. 132 (2) (189 SE2d 396).

*Judgment affirmed. All the Justices concur.*
SUBMITTED OCTOBER 10, 1972—DECIDED NOVEMBER 9, 1972.

Edward Lee Wallace, *pro se.*

*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Courtney Wilder Stanton, William F. Bartee, Jr., Assistant Attorneys General,* for appellee.

