## 27277. MITCHELL v. SMITH.

SUBMITTED JUNE 13, 1972—DECIDED NOVEMBER 20, 1972—
REHEARING DENIED DECEMBER 4, 1972.

*John R. Myer, Elizabeth R. Rindskopf, Howard Moore,
Jr.*, for appellant.

*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr.,
Executive Assistant Attorney General, Courtney Wilder Stan-
ton, Dorothy T. Beasley, Assistant Attorneys General, B. D.
Dubberly, Jr., Deputy Assistant Attorney General*, for appel-
lee.

*Reuben A. Garland*, amicus curiae.

MOBLEY, Chief Justice. This appeal is from a judgment
rendered by Judge Paul E. Caswell, Superior Court of Tatt-
nall County, denying relief to the appellant under his post-
conviction petition for habeas corpus. The appellant was
convicted for the offense of rape, and sentenced to death.

1. The appellant first complains that he was identified at
the trial by the alleged victim of the crime after she had
viewed him at a line-up, when he was not represented by
counsel or advised of his right to counsel.

The court found that the in-court identification was suffi-
ciently independent of the line-up so that, even if the line-
up were defective, her positive identification at the trial did
not deprive the appellant of his constitutional rights of due
process and equal protection. See *Aiken v. State*, 226 Ga.
840, 847 (178 SE2d 202), where this court held: "Had the
accused been denied counsel at the line-up, the result would
only be that an in-court identification by a witness viewing
the line-up would be excluded from evidence, if the court
should find that the State had not shown that the in-court
identification was based upon observations of the suspect
other than the line-up identification. United States v. Wade,
388 U. S. 218, 240."

The trial transcript which was introduced in evidence
showed that the victim of the rape testified positively at the

criminal trial that she identified the appellant from her recollection of seeing him at the time of the crime, when she "looked him in the face." The evidence fully supports the finding of the trial judge that the appellant's contention set out in this first enumerated error was without merit.

In Kirby v. Illinois, 406 U. S. 682 (92 SC 1877, 32 LE2d 411), the Supreme Court of the United States held that the per se exclusionary rule of United States v. Wade, 388 U. S. 218 (87 SC 1926, 18 LE2d 1149), and Gilbert v. California, 388 U. S. 263 (87 SC 1951, 18 LE2d 1178), did not apply to confrontations occurring *before* the initiation of adversary judicial criminal proceedings, whether by way of formal charge, preliminary hearing, indictment, information, or arraignment. The right to counsel attaches only *after* the onset of formal prosecutorial proceedings. In the present case the line-up occurred the day after the crime, the appellant himself asserts, and before the indictment was returned. Thus for this additional reason the first enumerated error is without merit.

2. By amendment to his petition for habeas corpus, the appellant alleged that he "was represented at his trial and thereafter by counsel who failed to effectively and substantially represent him or preserve his rights, in violation of the Sixth and Fourteenth Amendments, United States Constitution."

We agree with the conclusion of the habeas corpus trial judge that: "The record shows that Mr. Clayton [the appellant's counsel] was retained and that he diligently represented petitioner from the time he was employed. The record does not show that petitioner ever complained about his counsel's representation of him and the record shows that he represented petitioner faithfully and diligently throughout."

The test is whether he was denied effective assistance of counsel, which this court has held "means representation so lacking in competence that it becomes the duty of the court or the district attorney to observe it and correct it." *Hart v. State*, 227 Ga. 171 (10) (179 SE2d 346). The *Hart* case cites

Williams v. Beto (CCA 5), 354 F2d 698, 704, which held that generally relief will be granted only when the trial was a farce, or a mockery of justice, or was shocking to the conscience of the reviewing court, or the purported representation was only perfunctory, in bad faith, a sham, a pretense, etc.

Enumerated error 2 is without merit.

3. Enumerated errors 3, 4, 8, 9, 10, and 12 allege error in denying the appellant relief under the grounds of his petition for habeas corpus asserting that his death sentence was unconstitutional for stated reasons.

Since the denial of these grounds by the trial court, the Supreme Court of the United States in Furman v. Georgia, 408 U. S. 238 (92 SC 2726, 33 LE2d 346), followed in Moore v. Illinois, 408 U. S. 786 (92 SC 2562, 33 LE2d 706), has held that the imposition of the death penalty under existing Georgia statutes is violative of the Eighth and Fourteenth Amendments of the Constitution of the United States.

Under these decisions of the Supreme Court of the United States, the death sentence of the appellant is illegal and must be vacated.

4. Enumerated error 11 asserts that the appellant's conviction and sentence are illegal under the due process and equal protection clauses of the State and Federal Constitutions in that other defendants convicted of capital crimes have received separate penalty trials or hearings on the sole question of sentence, which he has been denied. The argument advanced in support of this ground is that under the decision in Witherspoon v. Illinois, 391 U. S. 510 (88 SC 1770, 20 LE2d 776), certain defendants in capital cases have been granted retrials on the question of penalty.

These grants of retrial as to the sentence were under the particular facts of those cases. There is no merit in the contention that the appellant is denied due process and equal protection of the laws because he has not had a separate penalty trial.

5. Enumerated error 7 alleges that the court erred in

denying relief to the appellant on the ground that the conviction and sentence were unconstitutional under the due process and equal protection clauses of the United States Constitution in that members of the jury were unlawfully excluded because of their scruples against capital punishment. This contention is based on the rulings made in Witherspoon v. Illinois, 391 U. S. 510, supra.

In Moore v. Illinois, 408 U. S. 786, 800, supra, where this same question was considered, the court held: "Inasmuch as the court today has ruled that the imposition of the death penalty under statutes such as those of Illinois is violative of the Eighth and Fourteenth Amendments, Furman v. Georgia [408 U. S. 238], it is unnecessary for us to consider the claim of noncompliance with the Witherspoon standards. In Witherspoon, 391 U. S., at 523 in n. 21, the court stated specifically, 'Nor, finally, does today's holding render invalid the *conviction,* as opposed to the *sentence* in this or any other case' (emphasis in original) . . ."

The Witherspoon decision has become obsolete under the Furman and other decisions holding that the imposition of the death penalty is unconstitutional.

6. Enumerated error 5 alleges that the appellant was denied due process of law and equal protection of the laws as guaranteed by the State and Federal Constitutions because the grand jury which indicted him and the traverse jury which convicted and sentenced him were illegally composed and did not represent a true cross section of the community, in that Negroes, women, and persons of limited economic means were grossly underrepresented on the juries and the jury lists. Enumerated error 6 alleges that his constitutional rights as alleged in enumerated error 5 were denied him because the court refused to admit in evidence the exhibits and depositions which he offered in support of his contentions in regard to the juries.

The judge hearing the habeas corpus petition sustained the motion of the respondent to strike certain paragraphs of the petition, including the one complaining of the composition of the juries, and refused to allow evidence in support

of it. One ground of the motion to strike was that the matter had been decided on the appeal of the case, *Mitchell v. State,* 225 Ga. 656 (171 SE2d 140), and was res judicata.

In *Mitchell v. State,* supra, this court could not consider the alleged error in the systematic exclusion of Negroes from the jury because no question was made in the trial court in regard to the juries.

In a habeas corpus proceeding a constitutional right is not deemed to have been waived unless it is shown "that there was an intentional relinquishment or abandonment of a known right or privilege, which relinquishment or abandonment was participated in by the party and was done voluntarily, knowingly and intelligently." *Code Ann.* § 50-127 (1) (Ga. L. 1967, pp. 835, 836). The habeas corpus court was therefore in error in refusing to hear evidence on the question of the illegal composition of the jury, which question had not previously been decided.

The record contains the evidence which was offered in support of the contention that the grand and traverse juries indicting and convicting the appellant were illegally composed.

This evidence relates solely to the contention of the illegal exclusion of Negroes, and no evidence was offered as to the gross underrepresentation on the juries of women and persons of limited economic means.

The appellant was tried in 1969. At that time the jurors were selected from the official registered voters' list (*Code Ann.* § 59-106; Ga. L. 1967, p. 251; Ga. L. 1968, p. 533), which is maintained on a racially nonsegregated basis. No evidence was offered to show that the selection procedures were not racially neutral.

The appellant offered the entire grand and traverse jury lists in effect at the time of his trial. He offered the deposition of a computer expert who had prepared a random selection number program, the numbers from which program were used to obtain a sample of the grand and traverse jury lists in DeKalb County. In connection with this deposition he offered the deposition of the Voter Registrar

of DeKalb County to show the race of the randomly selected members of the jury lists.

This evidence was insufficient to make a prima facie case of purposeful discrimination in the selection of the grand and traverse juries indicting and trying the appellant under Whitus v. Georgia, 385 U. S. 545 (87 SC 643, 17 LE2d 599), and Alexander v. Louisiana, 405 U. S. 625 (92 SC 1221, 31 LE2d 536).

Since this was the only evidence offered by the appellant on the question of the illegal composition of the juries, it was harmless error for the trial judge to refuse to consider it.

7. Under the foregoing rulings, the judgment of the habeas corpus court upholding the conviction of the appellant is affirmed.

Direction is given that the habeas corpus court enter an order vacating the death sentence and remanding the case to the Superior Court of DeKalb County, the sentencing court. The presiding judge in the trial court shall enter a judgment sentencing the appellant to be imprisoned for the balance of his life, this being the only lawful sentence which may be entered upon the conviction and finding of the jury that he should receive the maximum sentence permitted by law.

Under decisions exemplified by *Fowler v. Grimes,* 198 Ga. 84, 92 (31 SE2d 174), it is not necessary that the appellant be present in open court or represented by counsel. However, direction is given that the appellant and his counsel of record be served with a copy of the sentence of life imprisonment within five days from the date of its entry.

*Judgment affirmed with direction. All the Justices concur.*