## 27769. SMITH v. AULT.

MOBLEY, Chief Justice. John Thomas Smith filed a post-conviction petition for writ of habeas corpus. He is serving a sentence of two years for burglary and four years for possession of burglary tools. He appeals from the judgment denying him relief, and remanding him to the custody of the respondent.

1. The offenses of burglary and possessing burglary tools are separate and distinct, and an accused may be convicted of both offenses, even though they are committed in the same transaction. *Shelly v. State,* 107 Ga. App. 736 (1) (131 SE2d 135).

2. Where the offenses of burglary and possessing burglary tools are committed in the same transaction, an indictment is not illegal because it contains a count charging burglary and a count charging the possession of burglary tools. Compare *Henderson v. State,* 227 Ga. 68, 74 (179 SE2d 76).

3. It is within the discretion of the trial judge to impose consecutive sentences for separate offenses. Code Ann. § 27-2510 (Ga. L. 1964, p. 494).

4. There is no merit in the appellant's contention that he should be credited on his sentences for the time he was at liberty on bond while his conviction was appealed. Code Ann. § 27-2505 (Ga. L. 1965, p. 230).

5. There is no merit in the appellant's contention that he was denied effective assistance of counsel because his retained counsel did not petition the Court of Appeals for a rehearing of the adverse decision of his case in that court, and did not file petition for certiorari to this court. As to this contention the habeas corpus judge was authorized to find from the evidence on the hearing that: The appellant's retained counsel was not paid for his services in filing an appeal, but he did file such an appeal. Counsel was unable to reach the

appellant at the address he had given counsel to inform him of the adverse decision. However, counsel would have filed motion for rehearing in the Court of Appeals, and petition for certiorari to this court, if he had though that he had meritorious grounds for such motion and petition.

6. There is no merit in the appellant's contention that he was denied the right of an appeal from his conviction. See *Smith v. State,* 122 Ga. App. 98 (176 SE2d 284).

7. The appellant asserts that the attorney who represented him at the habeas corpus hearing was "inept and inefficient" and that he failed to pursue points raised in the petition for habeas corpus. The record does not sustain these contentions. However, this court has repeatedly held that the constitutional right of effective assistance of counsel does not apply to a habeas corpus proceeding, which is not a criminal case. *Wayman v. Caldwell,* 229 Ga. 2 (189 SE2d 74).

8. The record does not indicate that the appellant was denied any constitutional right, and it was not error to remand him to the custody of the respondent.

*Judgment affirmed. All the Justices concur.*

SUBMITTED FEBRUARY 12, 1973 — DECIDED APRIL 13, 1973.

John Thomas Smith, *pro se.*

*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Courtney Wilder Stanton, William F. Bartee, Jr., Assistant Attorneys General,* for appellee.