## 28067. SAMUELS v. CALDWELL.

JORDAN, Justice. John H. Samuels appeals an order of Tattnall Superior Court dated May 4, 1973, denying his application for habeas corpus and remanding him to the custody of the respondent. *Held:*

1. On the basis of the record in this case we must affirm. The appellant was tried and convicted in Effingham Superior Court in April, 1952, for the offense of murder and sentenced to life imprisonment. One of appellant's contentions in his petition for habeas corpus was that the grand jury which indicted and the traverse jury which convicted were unconstitutionally selected and composed. The only proof of such allegation was appellant's

statement at the hearing that "I didn't have no black jurors or nothing." The trial court correctly concluded that this was insufficient to make a prima facie case of purposeful jury discrimination. *Mitchell v. Smith*, 229 Ga. 781 (6) (194 SE2d 414).

2. The appellant further contended that he was not adequately and effectively represented by counsel at and before his trial. The state presented testimony of one of the two lawyers (the other being deceased) who were appointed to represent the defendant. This attorney testified that they talked with the defendant at least twice before the trial and interviewed some of the witnesses. He recalled that the appellant at that time did not offer any defense to the charge against him, though now he suggests accident. The transcript of the trial has apparently been lost. On the basis of the attorney's testimony we must conclude that the appellant was represented at the time by two experienced trial lawyers who effectively represented him as well as possible under the circumstances.

3. We have carefully reviewed the record in this case and hold that the trial court did not err in remanding the appellant to the custody of the warden.

*Judgment affirmed. All the Justices concur, except Gunter and Ingram, JJ., who dissent.*

SUBMITTED JULY 6, 1973 — DECIDED SEPTEMBER 6, 1973.

John H. Samuels, *pro se.*

Arthur K. Bolton, *Attorney General,* for appellee.

GUNTER, Justice, dissenting. This habeas corpus appeal contests the validity of appellant's 1952 conviction for murder. The appellant contended in the habeas corpus court that his 1952 conviction and sentence were unconstitutional in that he is a black man, and that black people were systematically excluded from the grand jury that indicted him and from the trial jury that convicted him.

The only evidence submitted at the habeas trial in support of his jury-discrimination contention was the appellant's testimony: "I didn't have no black jurors or nothing." The habeas corpus judge held that this meager proof was insufficient to make a prima facie case of purposeful jury discrimination. The majority has today affirmed, citing the case of *Mitchell v. Smith,* 229 Ga. 781 (6) (194 SE2d 414) (1972).

I disagree with the majority. I think that this meager showing by the appellant was sufficient to require the state to show that

the jury that indicted him and the jury that convicted him in 1952 were not constitutionally defective. See my dissenting opinion in *Reese v. Ault,* 229 Ga. 694 (194 SE2d 79) (1972).

Also, I do not think the case of *Mitchell v. Smith,* supra, is authority for the proposition that the showing made by the appellant in this case was insufficient to make a prima facie case of purposeful jury discrimination. That case involved a 1969 conviction in DeKalb County; the appellant there was adequately represented by counsel; in that case evidence was introduced that jurors were selected from the official registered voters' list which was maintained on a racially nonsegregated basis; in that case no evidence was offered to show that the selection procedures were not racially neutral; and one should take judicial notice of the fact that there was a vast difference between jury selection procedures in DeKalb County in 1969 and jury selection procedures in Effingham County in 1952.

The appellant in this case was incarcerated; under the rulings of this court he was not entitled to the assistance of counsel in prosecuting his application for habeas corpus; the appellant had no way to present evidence to the habeas corpus court that would prove his contention concerning the composition of the juries in Effingham County in 1952 that indicted and convicted him; and what he did do at the habeas corpus trial was about the most that could be expected of one of his condition and circumstances in prosecuting an application to have his 1952 conviction set aside because of constitutional infirmities.

I would reverse the judgment. I respectfully dissent.

I am authorized to state that Mr. Justice Ingram concurs in this dissent.