### 28354. SIMS v. CALDWELL.

JORDAN, Justice. James Sims appeals an order of the Tattnall County Superior Court dated August 3, 1973, denying his application for writ of habeas corpus and remanding him to the custody of the respondent. *Held:*

1. We affirm. In 1960 appellant was indicted and entered a plea of guilty in Spalding Superior Court to the offenses of rape, larceny of a motor vehicle, assault with intent to murder (one victim), assault with intent to murder (another victim), robbery (of one victim), and robbery (of another victim) for an aggregate sentence of 85 years. Appellant asserts error for failure of the trial court to appoint counsel for the habeas corpus proceeding. This court has repeatedly held that application for the writ of habeas corpus is not a criminal proceeding, and that therefore there is no constitutional requirement for appointment of counsel for the petitioner. *Cash v. Smith,* 226 Ga. 318 (3) (175 SE2d 10); *Wallace v. Ault,* 229 Ga. 717 (194 SE2d 88); *Wayman v. Caldwell,* 229 Ga. 2 (189 SE2d 74); *Moore v. Caldwell,* 229 Ga. 132 (189 SE2d 396).

2. The appellant claims that the trial court erred in not granting him relief on the grounds that he was serving multiple sentences allegedly springing from a single transaction. The trial court found that all of the offenses to which appellant pled guilty in his original trial rested "on proof of critical facts different from those of all other convictions, and that none of the convictions constituted a lesser included offense of any other." The trial

judge, for these reasons, found that the sentences did not offend any provision of the Georgia or United States Constitution. This holding was not error. See *Smith v. Ault,* 230 Ga. 433 (197 SE2d 348); *Patterson v. Caldwell,* 229 Ga. 321 (191 SE2d 43).

3. The appellant also complained that the trial court erred in failing to grant him relief due to alleged systematic exclusion of negroes from grand jury service in 1960. This contention is also without merit. As stated earlier, appellant after indictment pled guilty to all offenses, and thereby waived any claim he might have had in regard to the composition of the grand jury that indicted him. Tollett v. Henderson, 411 U. S. 258 (93 SC 1602, 36 LE2d 235). See also *Snell v. Smith,* 228 Ga. 249 (184 SE2d 645).

4. An examination of the record fails to reveal that appellant was denied any of his constitutional rights.

*Judgment affirmed. All the Justices concur, except Gunter and Ingram, JJ., who dissent.*

SUBMITTED OCTOBER 15, 1973 — DECIDED NOVEMBER 2, 1973.

James W. Sims, *pro se.*

*Arthur K. Bolton, Attorney General, Courtney Wilder Stanton, David J. Bailey, Assistant Attorneys General,* for appellee.

GUNTER, Justice, dissenting. In this case the majority has reiterated the rather rigid rule that an indigent, incarcerated applicant for a writ of habeas corpus is not entitled to the appointment of counsel to represent him at a habeas corpus hearing. The applicant made a motion in the habeas corpus court for the appointment of counsel. The habeas corpus judge did not rule on this motion, but it is clear from the record and transcript that counsel was not appointed, and no findings are entered and no reasons are given for the failure to appoint counsel.

I assume that it is taken for granted in the judicial system of this state that the failure to appoint counsel for an indigent, incarcerated applicant for the writ is never error. Numerous decisions of this court, some of them cited in the majority opinion, most certainly justify such a conclusion. However, I do not believe that the non-appointment rule is that rigid. The rule enunciated in the decisions of this court is based on the fact that a habeas corpus action is in the nature of a civil proceeding; and the constitutional requirement for the appointment of counsel under both the Federal and State Constitutions is applicable only when one is charged with an offense against the state or the nation. I agree that the Sixth Amendment to the Federal Constitution and

its equivalent in the Georgia Constitution do not "require" the appointment of counsel for indigent, incarcerated applicants for a writ of habeas corpus.

However, I am of the opinion that in some situations the appointment of counsel for such an applicant is required even though the Sixth Amendment and its equivalent in the Georgia Constitution are not applicable. This is true when the issues to be presented at a habeas corpus hearing and the difficulties involved in presenting such issues are such that a fair and meaningful hearing cannot be had without the aid of counsel. In such a case the requirements of the due process clause of the Federal and Georgia Constitutions "require" that counsel be appointed for such an applicant.

Georgia's rigid non-appointment rule was firmly embedded in our case law prior to the enactment of our "Habeas Corpus Act of 1967," Ga. L. 1967, p. 835; Code §§ 50-101, 50-127).

Section 1 of the "Habeas Corpus Act of 1967" stated its legislative intent and purpose as follows: "The General Assembly finds that expansion of the scope of habeas corpus in Federal Court by decisions of the United States Supreme Court, together with other decisions of said Court (a) substantially curtailing the doctrine of waiver of constitutional rights by an accused and (b) limiting the requirement of exhaustion of State remedies to those currently available, have resulted in an increasingly larger number of state court convictions being collaterally attacked by federal habeas corpus based upon issues and contentions not previously presented to or passed upon by courts of this state; that such increased reliance upon federal courts tends to weaken state courts as instruments for the vindication of constitutional rights, with a resultant deterioration of the federal system and federal-state relations; that to alleviate said problems, it is necessary that the scope of state habeas corpus be expanded and the state doctrine of waiver of rights modified. The General Assembly further finds that expansion of state habeas corpus to include many sharply-contested issues of a factual nature requires that only the superior courts have jurisdiction of such cases."

Subsection (1) of Section 3 of that Act provided: "Any person imprisoned by virtue of a sentence imposed by a state court of record who asserts that in the proceedings which resulted in his conviction there was a substantial denial of his rights under the Constitution of the United States or of the State of Georgia or the laws of the State of Georgia may institute a proceeding under this

section. Rights conferred or secured by the Constitution of the United states shall not be deemed to have been waived unless it is shown that there was an intentional relinquishment or abandonment of a known right or privilege which relinquishment or abandonment was participated in by the party and was done voluntarily, knowingly and intelligently."

Subsection (10) of Section 3 of that Act then provided: "Where after an evidentiary hearing on the merits of a material factual issue, or after a hearing on the merits of an issue of law, a person in custody pursuant to the judgment and sentence of a court has been denied relief upon application for habeas corpus a subsequent application for a writ of habeas corpus in behalf of such person need not be entertained by the court unless the application alleges and is predicated upon a ground not adjudicated on the hearing of the earlier application for the writ, and unless the court is satisfied that the applicant has not on the earlier application deliberately withheld the newly asserted grounds or otherwise abused the writ."

I have gone to the trouble to quote these provisions of the "Habeas Corpus Act of 1967" because I believe that the enactment of this statute effected a rather drastic change in the law of this state with respect to applicants for writs of habeas corpus who have been convicted by a court of record in this state.

First, this statute says that it is effecting an expansion of state habeas corpus to include "many sharply-contested issues of a factual nature" and that such expansion requires that only the superior courts have jurisdiction in such cases.

Second, this statute says that Federal Constitutional rights shall not be deemed to have been waived unless the waiver was participated in by the applicant himself and the waiver was effected by the applicant himself in a voluntary, knowing and intelligent manner.

Third, subsection (10) of Section 3 of this statute makes the doctrine of res judicata applicable to a second or subsequent application by the same applicant for a writ of habeas corpus.

These basic changes lead me to conclude that in some habeas corpus cases the failure to appoint counsel when requested to do so by the applicant may amount to the denial of a "fair habeas corpus hearing" which is the equivalent of the denial of due process of law under both the Georgia and Federal Constitutions.

I dissented in the case of *Reese v. Ault,* 229 Ga. 694 (194 SE2d 79). To me, that was a classic example of denial of due process of

law, and it is also a good example for the necessity of appointing counsel for indigent, incarcerated applicants in some habeas corpus cases. See also my dissenting opinions in *Huff v. Barnett*, 230 Ga. 446 (197 SE2d 345), and *Samuels v. Caldwell*, 231 Ga. 31 (200 SE2d 137).

In the case of Harris v. Nelson, 394 U. S. 286, 300 (89 SC 1082, 22 LE2d 281), the Supreme Court of the United States said; "But where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is confined illegally and is therefore entitled to relief, it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry."

Under Georgia's Habeas Corpus Act of 1967 I believe that it is necessary in some cases, in order to provide the necessary facilities and procedures for an adequate and fair inquiry, to appoint counsel to represent an indigent, incarcerated applicant at his habeas corpus hearing. In some cases, to fail to do so is a denial of due process of law.

I would reverse the judgment in the instant case and direct the habeas corpus court to make a determination as to whether the appointment of counsel to represent the applicant in this case is necessary in order to have a fair hearing which comports with due process of law under the Georgia and Federal Constitutions.

I respectfully dissent.

I am authorized to state that Justice Ingram joins me in this dissent.