## 48993. SEWELL v. THE STATE.

Deen, Judge. The sole enumeration of error on appeal from a conviction of theft by taking is that under constitutional standards the court lost jurisdiction of the case because of the absence of effective assistance of trial counsel. Other counsel was of course appointed to represent the defendant in this court. We affirm the conviction.

Sewell, according to the testimony of the prosecution witness, was hired on a Saturday to begin work as a service station attendant on Monday morning. When he reported to work the defendant showed him how to work the pumps, gave him $25 in a bag for change, and left him. Four hours later and about an hour after he was last observed it was discovered that Sewell had left and that some $162 worth of gas had been dispensed from the pumps and presumably collected for. The other witness, a detective, testified only as to efforts to locate the defendant which were for some time unavailing.

The defendant was furnished appointed counsel who produced no evidence. When asked whether the defendant wished to make a

statement, the lawyer replied, "It will not be necessary." The court thereupon announced itself dissatisfied with the evidence, recalled the prosecutor, and asked him additional questions. He then recessed the jury, said, "The court absolutely is dissatisfied with this trial"; and asked if counsel wished to plead the defendant guilty. The attorney replied at some length that he could not present a defense without fabricating testimony, that the sole disagreement was as to the length of sentence, that plea bargaining had failed due to the 19-year-old defendant's record of seven previous convictions, including a current sentence in Fulton County but that he did not feel the offense merited the eight-year sentence offered by the state. As a matter of fact the jury on the sentencing hearing meted out a nine-year sentence, taking into account the fact that it would be concurrent with that in the Fulton County conviction.

*Mitchell v. Smith,* 229 Ga. 781 (194 SE2d 414) addresses itself to this point and, citing *Hart v. State,* 227 Ga. 171 (10) (179 SE2d 346) and Williams v. Beto, 354 F2d 698, holds that "generally relief will be granted only when the trial was a farce, or a mockery of justice, or was shocking to the conscience of the reviewing court, or the purported representation was only perfunctory, in bad faith, a sham, a pretense."

Except for the original not guilty plea, which counsel contended was entered only for bargaining purposes, we have no indication either in the original trial or on this appeal that the defendant contends he was innocent, that there were mitigating circumstances, or that any defense could have been offered. The trial court recalled and examined the prosecution's witness personally. Had he then been doubtful as to the representation offered we have no doubt that he would have granted a new trial as he stated he would do if dissatisfied. No line of defense has been suggested and there is no basis for a judicial holding that its absence is due to the ineptitude of counsel rather than the guilt of the defendant.

*Judgment affirmed. Hall, P. J., and Stolz, J., concur.*

SUBMITTED JANUARY 17, 1974 — DECIDED JANUARY 31, 1974.

*James C. Bonner, Jr.,* for appellant.
*Richard Bell, District Attorney, Joel S. Dick,* for appellee.