WILLIAMS *v.* LAWRENCE, superintendent.

REID, Chief Justice. 1. A defendant who, as in the present case, instituted a petition for habeas corpus on the ground that he had been deprived of the benefit of counsel as guaranteed him under the constitution (Code, § 2-105), in that he did not receive proper representation by counsel appointed for him by the court, which was dismissed on general demurrer, in accordance with the decision of this court, on writ of error, that the facts alleged did not disclose a violation of the defendant's constitutional right to be represented by counsel (*Aldredge* v. *Williams,* 188 *Ga.* 607, 4 S. E. 2d, 469), is precluded, by virtue of such judgment, from maintaining another petition for habeas corpus, based on the same ground. *Perry* v. *McLendon,* 62 *Ga.* 598; *Day* v. *Smith,* 172 *Ga.* 467, 474 (157 S. E. 639).

2. In addition to the former petition for habeas corpus, the defendant thereafter filed an extraordinary motion for new trial, wherein he presented the same contention that he had been deprived of the benefit of counsel; and the judgment of the judge denying this motion was, after a careful review of the facts, affirmed by this court. *Williams* v. *State,* 192 *Ga.* 247 (15 S. E. 2d, 219). Thus there have been in fact two adjudications against the defendant on the question he now seeks to present. There should be no further investigation. The judge did not err in dismissing the petition. *Judgment affirmed. All the Justices concur.*

No. 13980. JANUARY 13, 1942.

*William S. Shelfer* and *John B. Ivins,* for plaintiff.

*Ellis G. Arnall, attorney-general, R. Howard Gordon, solicitor-general,* and *E. L. Reagan, assistant attorney-general,* for defendant.