## NUSSER v. ADERHOLD.

### No. 12046.

Circuit Court of Appeals, Fifth Circuit.

Nov. 7, 1947.

Norman C. Nusser, in pro. per.

Eugene Cook, Atty. Gen., of Georgia, for appellee.

Before SIBLEY, HOLMES, and LEE, Circuit Judges.

### PER CURIAM.

The writ of habeas corpus was denied in the district court because the applicant, imprisoned under sentences imposed by a State Court, had not exhausted his remedies afforded by the State. Such exhaustion, including appeal to the State Supreme Court and review by the Supreme Court of the United States, is generally necessary. Ex parte Hawk, 321 U.S. 114, 64 S.Ct. 448, 88 L.Ed. 572, and cases cited. On this point the application states in general terms that applicant has had an unsuccessful hearing on habeas corpus before a State judge, presented to him a bill of exceptions which he refused to sign, and that a mandamus against him was refused by the State Supreme Court. The ground of these refusals is not stated, but the only good grounds we think of would be that the bill of exceptions was not true or not presented in due time. Either would be the fault of applicant. But the abortion of his appeal does not necessarily prevent his applying again in the State courts for a writ, for a judgment refusing a discharge in a criminal case is not generally a bar to another writ though based on the same grounds. Salinger v. Loisel, 265 U.S. 224, 230, 44 S.Ct. 519, 68 L.Ed. 989; 25 Am.Jur., Habeas Corpus, § 156. We do not find that a different rule has been clearly established in the Georgia courts, where an imprisonment on a criminal sentence is attacked, and the question raised was not adjudicated in the trial, nor settled on a previous habeas corpus by an appellate court. The matter is extensively discussed in Andrews v. Aderhold, Warden, 201 Ga. 132, 39 S.E.2d 61, and res judicata upheld where the question had been raised and decided on motion for new trial and judgment affirmed by the Georgia Supreme Court, and also in· a previous habeas corpus in the federal courts

affirmed by the Circuit Court of Appeals. The court cites the federal authorities, and Perry v. McLendon, 62 Ga. 598, a habeas corpus for imprisonment on civil process in which res judicata is generally applied; and Day v. Smith, 172 Ga. 467, 157 S.E. 639, where the prior judgment was one of discharge; which also is generally held conclusive. Williams v. Lawrence, 193 Ga. 381, 18 S.E.2d 463, is also a case in which the question was adjudicated on motion for new trial. The present case seems distinguishable from all these, and we cannot tell what the Georgia courts will do about it on a renewed application for the writ. The State remedies have not yet been exhausted, so far as appears.

Judgment affirmed.