CRADDOCK *v.* LAW, Warden; *et vice versa.*

Nos. 15997, 16011.  JANUARY 13, 1948.

*R. S. Wimberly*, for plaintiff.

*Eugene Cook, Attorney-General*, and *John Sammons Bell, Assistant Attorney-General*, for defendant.

HEAD, Justice. ■ Counsel agree that three questions are brought to this court by the bills of exceptions, as follows: "1. Was the first sentence a valid sentence for more than ten years? 2. If it was, did its maximum term expire April 19, 1947? 3. Under the law, was the second sentence to be served concurrently with the first sentence or subsequently to its expiration?"

The petition for writ of habeas corpus alleges: The cause or pretense of the restraint of the petitioner is a sentence imposed upon him in Stewart Superior Court at the April term, 1941, in which the petitioner was sentenced to serve a term of 2 years

minimum, and 3 years maximum, the sentence to be computed from the date of sentence, April 22, 1941. The cause or pretense for still holding him under such sentence is the claim that he must serve the sentence imposed April 22, 1941, after the expiration of a sentence imposed on October 19, 1932. The sentence imposed in 1941 did not expressly provide that it should be served at the expiration of the previous sentence, but on the contrary, expressly provided that it should be computed from its date. As a matter of law, the sentence was served concurrently with the previously imposed sentence, and the respondent is illegally holding the petitioner in involuntary servitude.

The petition for the writ of habeas corpus made no attack on the validity of the sentence imposed on the plaintiff in error in October, 1932, and it can not be attacked for the first time in the bill of exceptions. Under the rule that he who asserts error must show error (*Loveless* v. *McCollum*, 185 *Ga.* 752, 196 S. E. 428), the assignment in the bill of exceptions is insufficient to raise any question in this court as to the validity of the first sentence. A mere contention that a sentence is valid only for the minimum term, without more, and which does not show how, or why, or in what manner, the sentence imposed is invalid for a longer period of time than the minimum term, presents no question for review by this court.

■ A copy of the parole granted to the applicant on August 30, 1940, recites that the maximum term of the sentence imposed in October, 1932, would expire on April 19, 1947. It appears from the record that the parole of August, 1940, was revoked on February 7, 1941. The trial court was authorized to find from the evidence that the order of parole of August, 1940, provided for an allowance of "good time" (or reduction in the maximum sentence for good conduct) under §§ 27-2502, 77-341, 77-363 (14), Code, Ann. Supp., but that such reduction for good conduct was not actually earned by the prisoner. The judgment that the expiration date of the first sentence imposed on the prisoner would be July 4, 1948, is supported by evidence.

Under the foregoing opinion, the judgment on the main bill of exceptions will be affirmed. Since no further hearing of the habeas corpus proceeding will be necessitated under such affirmance, the cross-bill of exceptions will be dismissed, but will be so dismissed without prejudice.

*Judgment affirmed on the main bill; cross-bill dismissed without prejudice. All the Justices concur, except Wyatt, J., who took no part in the consideration or decision of this case.*