## SOLESBEE v. BALKCOM, Warden.

CANDLER, Justice.   George W. Solesbee was indicted for murder by a grand jury in the Superior Court of Clinch County, Georgia.   He was convicted of that offense on March 3, 1948, sentenced to be electrocuted, and this court on July 13, 1948, by a full-bench decision, affirmed his conviction.   *Solesbee* v. *State,* 204 *Ga.* 16 (48 S. E. 2d, 834).  Since then he has filed three separate applications for the writ of habeas corpus against R. P. Balkcom Jr., Warden of the State Penitentiary, alleging in each that he is now insane, having become so since the date of his trial and conviction; that § 27-2602 of the Georgia Code does not afford him an adequate legal remedy; and that an execution of the sentence imposed upon him in these circumstances would violate the due-process clause of the State and Federal Constitutions.   In each instance the writ applied for has been granted, and after a hearing the applicant has been remanded to the custody of the respondent warden.   The exception presently here is to the judgment rendered in the last proceeding so instituted.   *Held*:

1. The legislature by an act passed in 1903 (Ga. L. 1903, p. 77), except as to cases then pending, expressly divested the courts of this State of all jurisdiction to determine the mental status of one alleged to have become insane since the date of his trial and conviction of a capital offense.   Code, § 27-2601; *Cribb* v. *Parker,* 119 *Ga.* 298 (1) (46 S. E. 110).   And that the act of 1903 does not amount to a denial of due process of law as guaranteed by the State and Federal Constitutions, was settled adversely to the present contention of the plaintiff in error by this court's unanimous decision in *Solesbee* v. *Balkcom,* 205 *Ga.* 122 (52 S. E. 2d, 433), which, on review by the Supreme Court of the United States, was affirmed on February 20, 1950.   Solesbee *v.* Balkcom, 339 U. S. 9 (70 Sup. Ct. 457, 94 L. ed. 604).

2. No defense has been raised in the instant case to the writ of habeas corpus by invoking the doctrine of res judicata.   Consequently, no ruling or intimation on that question will be made.   But see, in this connection, *Perry* v. *McLendon,* 62 *Ga.* 598, *Williams* v. *Lawrence,* 193 *Ga.* 381 (18 S. E. 2d, 463), *Weiss* v. *Hood,* 200 *Ga.* 795 (38 S. E. 2d, 559), and *Andrews* v. *Aderhold,* 201 *Ga.* 132 (4) (39 S. E. 2d, 61), and the cases there cited.

3. The judgment discharging the writ of habeas corpus and remanding the applicant to the custody of the respondent is, for the reason above stated, correct; and no further effort should be made to litigate this question by use of the writ of habeas corpus.   See *Williams* v. *Lawrence,* supra.

   *Judgment affirmed.   All the Justices concur.*

No. 17450.   ARGUED APRIL 10, 1951—DECIDED MAY 15, 1951—REHEARING DENIED JUNE 13, 1951.

*D. L. Stanfield* and *Pierce Brothers,* for plaintiff.

*Eugene Cook, Attorney-General, J. T. Grice,* and *J. R. Parham, Assistant Attorneys-General,* for defendant.