23735. FERGUSON v. BALKCOM, Warden.

SUBMITTED OCTOBER 11, 1966—DECIDED OCTOBER 20, 1966—REHEARING DENIED NOVEMBER 3, 1966.

*A. H. Leatherwood, Sr.,* for appellant.

*Dan Winn, Solicitor General, John T. Perren, Arthur K. Bolton, Attorney General, B. Daniel Dubberly, Jr., Deputy Assistant Attorney General, G. Ernest Tidwell, Executive Assistant Attorney General, Carter A. Setliff, Assistant Attorney General,* for appellee.

CANDLER, Presiding Justice. This is a habeas corpus proceeding which Billy Homer Ferguson brought in the City Court of Reidsville against R. P. Balkcom, Jr. as warden of Georgia's Tattnall County Prison. His petition alleges that he is being illegally detained by Balkcom under a sentence of death imposed upon him in Douglas County pursuant to a verdict convicting him of the murder of Luke A. Brown on July 17, 1958. The appeal is from a judgment quashing the writ and remanding applicant to the custody of respondent. The record brought to this court shows that Ferguson brought habeas corpus against O. M. Redding as Sheriff of Douglas County in 1958, where he alleged that he was being illegally detained by respondent for several specified reasons, that the writ was quashed and he was remanded to the custody of respondent, and that there was no appeal from such judgment. The record also shows that Ferguson has since then been three times convicted of the murder of Brown and on each conviction was sentenced to be electrocuted. The first two convictions were reversed. See Ferguson v. Georgia, 365 U. S. 570 (81 SC 756, 5 LE2d 783); and *Ferguson v. State,* 218 Ga. 173 (128 SE2d 798). His third conviction was

affirmed by this court on May 9, 1963. *Ferguson v. State,* 219 Ga. 33 (131 SE2d 538), cert. den., 375 U. S. 913 (84 SC 210, 11 LE2d 152). After this court's decision of May 9, 1963, was rendered (219 Ga. 33), Ferguson filed an extraordinary motion for new trial on the ground of newly discovered evidence. His motion was overruled and that judgment was affirmed in *Ferguson v. State,* 220 Ga. 364 (138 SE2d 881), cert. den., 381 U. S. 905 (85 SC 1451, 14 LE2d 286). We do not deem it necessary to point out specifically the ruling heretofore made on applicant's petition for habeas corpus against Sheriff Redding and those subsequently made by this court and the Supreme Court of the United States; it is sufficient to hold, as we do, that all of the grounds asserted by him in this habeas corpus proceeding have been adjudicated adversely to him in the unexcepted to ruling made in his prior habeas corpus case against Sheriff Redding and in subsequent rulings by this court and the Supreme Court of the United States. It is a well-settled rule of practice and procedure that where one, as here, has been convicted of crime, habeas corpus cannot be used as a substitute for appeal or other remedial procedure for the correction of errors and irregularities; nor can it be used as a second appeal for such purpose. It is an appropriate remedy only when the judgment or sentence under which applicant is being restrained is not merely erroneous but is absolutely void. *Sanders v. Aldredge,* 189 Ga. 69 (5 SE2d 371); *Morris v. Peacock,* 202 Ga. 524 (1) (43 SE2d 531). None of the grounds asserted in applicant's present petition for habeas corpus are of such a nature as to render his conviction void and the cases cited above, where the rulings there made were adverse to his contentions, adjudicate against him all questions raised by this appeal. Hence, the rule of res judicata which *Code* § 110-501 provides for must be here applied. See *Solesbee v. Balkcom,* 208 Ga. 121 (3) (65 SE2d 263); *Mitchem v. Balkcom,* 219 Ga. 47 (131 SE2d 562).

*Judgment affirmed. All the Justices concur.*