## 43949.   BONNER v. THE STATE.

EBERHARDT, Judge.   1.   One who is confined to the Central State Hospital by reason of a finding in his favor on a plea of insanity filed in a criminal case on which he was tried, but who has lucid intervals, may be convicted for the commission of a crime during such an interval or period. *Code* § 26-303. That there had been no judicial restoration of his sanity does not relieve him from criminal responsibility for acts committed during a lucid interval. *Quattlebaum v. State,* 119 Ga. 433 (46 SE 677).

2. "It is the general rule in this State that the sole test of criminal responsibility is whether the accused had 'reason sufficient to distinguish between right and wrong in relation' to the particular offense committed.  .  . Weakmindedness alone is no defense to crime." *McKethan v. State,* 201 Ga. 23, 36 (39 SE2d 15). "The test of criminal responsibility in this State is whether or not the accused, at the time of the commission of the offense, had sufficient reason to distinguish between right and wrong in relation to the particular act about to be committed." *Griffin v. State,* 208 Ga. 746, 750 (69 SE2d 192).

3. Where there was testimony by a doctor, who for the past eight years had been serving on the staff of the hospital as a psychiatrist, that he was acquainted with the defendant and had occasion to examine and observe him on the date of the commission of the offense and at other times, and that in his professional opinion the defendant "was not insane in the legal term; he was not incompetent; he knew right from wrong," that he had the mental capacity to advise with his counsel concerning the charges and had the mental capacity to plan and execute the criminal act, realizing its consequences, and additionally there was testimony by the hospital security director and an attendant that they were acquainted with the defendant and had talked with and observed him and in their opinion he had the capacity to recognize and know right from

wrong in relation to his actions, the jury was authorized to convict upon proof of his commission of the acts charged.

4. *Code* § 26-4512 providing that "Any person who shall aid or assist, or attempt to aid or assist, a patient who has been lawfully committed to the State Hospital, to escape therefrom, shall be guilty of a misdemeanor," does not, as appellant contends, refer only to persons who are not themselves patients at the hospital. The words "any person" include persons who are patients as well as persons who are not.

5. The proof was sufficient to authorize a conviction of the defendant for the offenses of assisting seven other patients to escape, of carrying a concealed weapon, and of carrying a pistol without a license, it appearing that he used a loaded pistol that had been smuggled into the hospital and delivered to him by a visitor, enabling them to escape by surprising the guard and holding him at bay with the gun.

*Judgment affirmed. Felton, C. J., and Whitman, J., concur.*

SUBMITTED SEPTEMBER 4, 1968—DECIDED OCTOBER 17, 1968.

*Milton F. Gardner, James E. Peugh,* for appellant.
*George D. Lawrence, Solicitor General,* for appellee.

