### 25659. BONNER v. SMITH, Warden.

FELTON, Justice. 1. The pauper's affidavit contained in the present record on appeal, which stated that, because of appellant's poverty "he is unable to pay the costs and fees or to give bond in lieu thereof," was a "sufficient" affidavit, as required by Rule 21 of this court (*Code Ann.* § 24-4521) for the filing of appellant's brief, under the provisions of the Ga. Const. of 1945, Art. VI, Sec. XVIII, Par. II (*Code Ann.*

§ 2-5302) ; Rule 22 of this court (*Code Ann.* § 24-4522) ; and *Code Ann.* § 6-1003 (Ga. L. 1965, pp. 18, 23; as amended, Ga. L. 1966, p. 723), replacing *Code Ann.* § 6-1004 (Ga. L. 1880-1, p. 120), which was repealed by Ga. L. 1965, pp. 18, 38, all as construed in *Code Ann.* § 6-905 (Ga. L. 1965, pp. 18, 40).

2. Where the petition for the writ of habeas corpus made no attack on the validity of the sentence imposed on the appellant in January, 1967, on the ground of the imposition of multiple sentences to be served consecutively for a single occurrence or transaction, it can not be attacked for the first time on appeal to this court. See *Craddock v. Law*, 203 Ga. 264, 266 (46 SE2d 136). Therefore, enumerated error 1, the failure of the court below to determine this point (designated by appellant as "the most pertinent point raised by the petition"), is without merit.

3. The issues raised by enumerated errors 2 and 3, i. e., appellant's criminal responsibility and whether the judgment of the trial court was supported by the weight of the evidence, were ruled on adversely to the appellant in *Bonner v. State*, 118 Ga. App. 530 (164 SE2d 453) and are, therefore, res judicata. "It is a well-settled rule of practice and procedure that where one, as here, has been convicted of crime, habeas corpus cannot be used as a substitute for appeal or other remedial procedure for the correction of errors and irregularities; nor can it be used as a second appeal for such purpose. It is an appropriate remedy only when the judgment or sentence under which applicant is being restrained is not merely erroneous but is absolutely void." *Ferguson v. Balkcom*, 222 Ga. 676, 677 (151 SE2d 707) and cit.

The trial court did not err in its judgment remanding the petitioner.

*Judgment affirmed. All the Justices concur.*

SUBMITTED MARCH 9, 1970—DECIDED APRIL 9, 1970.

Elbert Frank Bonner, *pro se.*

*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Marion O. Gordon, Assistant Attorney General, Wade V. Mallard, Jr.,* for appellee.