47150. FIRST NATIONAL BANK OF ATLANTA
v. LANGFORD.

ARGUED MAY 5, 1972—DECIDED MAY 17, 1972.

Hansell, Post, Brandon & Dorsey, H. Boyce Connell, Jr., Terrence Lee Croft, for appellant.

J. L. Jordan, for appellee.

DEEN, Judge. ■ It is not the prerogative of this court to place itself in the position of an arbiter of contested evidence. The defendant had solid reasons for refusing to pay over the funds involved to the plaintiff and insisting on a determination of the controversy by the courts. On the other hand, there is some evidence supporting the plaintiff's position and the trial judge, acting as judge and jury, carries the unique burden of reaching a solution to a puzzle from which so many pieces are missing. *Craddock v. Law,* 203 Ga. 264 (2) (46 SE2d 136). Appellant urges that the plaintiff's testimony is self-contradictory and inherently incredible and should not be considered. She made some misstatements regarding dates and the contents of documents. They, however, are not of a character to demand impeachment of her testimony as a matter of law, but go to her credibility in view of her apparent lack of education and the time elapsed. "The trial judge had the privilege of accepting as true that evidence which most commended itself to his approval." *Young v. Durham,* 15 Ga. App. 678 (3) (84 SE 165).

■ In reversing the grant of summary judgment to the defendant this court held, as against the bank's plea of the statute of limitation, that it did not become liable for repayment until proper demand, a question which depended upon its own rules and regulations which had not been introduced in evidence. The bank now contends that under this ruling, no rules and regulations having been introduced on the trial of the case, the plaintiff is not entitled to prevail. We disagree. This holding related to the burden resting on the defendant at that time to show that it had held the fund adversely to the plaintiff for more than four years following a proper demand. The question now is whether the plaintiff, after suit filed, has proved her entitlement to the fund. The evidence is uncontested that she

had many conferences, both alone and later with her attorney, and that she produced all documents requested by the bank employees except the passbook itself. The latter must be presumed to be cognizant of their own rules and regulations. The demand itself is incontrovertible; if it was not in proper form for any other reason than insufficiency of identification (which is what this lawsuit is about), that issue was not raised in the trial court and cannot be urged here.

■ What has been said above relates to the account on which the plaintiff sued and as to which the main body of evidence was offered. The testimony showed that there were actually three accounts in the name of "Henry Langford," and the trial judge awarded the plaintiff the proceeds of both the one she sued on and another. Plaintiff subsequently amended her petition to pray for the proceeds of the second account, and had there been evidence to substantiate this claim unobjected to such would have been a proper procedure. *Code Ann.* § 81A-115 (b). No such evidence appears, however. The plaintiff testified to only one passbook; her statement that both accounts were in this passbook was obviously in error. The handwriting expert testified, not only that neither account was in the handwriting of the decedent, but that each was written by a different person. Accordingly, judgment in favor of the plaintiff as to account No. 70698 is not supported by any evidence.

*Judgment affirmed on condition that plaintiff write off from the amount of recovery that sum representing the proceeds of account No. 70698 within 10 days of the receipt of the remittitur from this court in the trial court; otherwise reversed. Clark, J., concurs. Eberhardt, P. J., concurs specially.*

EBERHARDT, Presiding Judge, concurring specially. As I read the evidence in this record it appears that it overwhelmingly indicates that the party who placed the money in the savings accounts here involved was not the plaintiff's husband. I really do not feel that the plaintiff has carried her burden of proof. The appearance and size of the man

who made the deposits and plaintiff's husband indicate that one was a very small man while the other was a very large, stout man. Plaintiff's husband never lived at the rear of 18 West Peachtree Street, where the depositor was living when the account was opened. The expert handwriting evidence, as well as other evidence as to handwriting, demands a finding that the signatures of the depositor on the account signature cards and the admitted or known exemplar of plaintiff's husband were made by different people. Plaintiff could not produce the pass book (she had seen only one, according to her own testimony) though she claims to have had it in her possession at different times since the husband's death. Indeed, when she discovered that there were two accounts, she asserted that both were in the same book—a thing which banks and savings institutions never do.

How the trial judge reached the conclusion that these accounts were those of the plaintiff's husband I do not know. But that is something in the nature of a jury verdict, the chemistry of which we rarely know.

I do not think the money belonged to plaintiff's husband, or to her as his widow and heir. But I cannot say that there is not *some* evidence, small and to me incredible, that supports the judgment. And the "any evidence" rule applies on appeal. *Wiley, Parish & Co. v. Kelsey,* 13 Ga. 223. Absent some error of law appearing in the course of the trial, we cannot disturb the judge's findings and judgment.