48042. MOYE v. THE STATE.

PANNELL, Judge. The defendant was convicted of burglary and three counts of forgery, and he appeals to this court.

From April of 1967 through September of 1967, appellant was employed by Chamblee Veterans Transfer Incorporated at 2400 Old Stone Mountain Road in Chamblee, DeKalb County, Georgia.

At 10 a.m. on the morning of November 27, 1971, appellant's half-brother, Robert Doke, rented for appellant, at his request, a green 1971 Torino, bearing Georgia License No. EDE-477. The name "Robert Doke" appeared upon State's Exhibits 2, 3, 4 and 5, which Exhibits were identified by Mr. George Fey, President of Chamblee Veterans Transfer, Inc., as being checks taken in a burglary from his place of business.

On Saturday, November 27, 1971, at 5:00 p.m., Martin Weaver, an employee of Chamblee Veterans Transfer, Inc., spotted a green Ford Torino driving very slowly several times past the Chamblee Veterans Transfer building. At 7:30 a.m. on Monday, November 29, 1971, Mr. Fey discovered that Chamblee Veterans Transfer

had been burglarized. Stolen in this burglary were 870 blank payroll checks in two sets, serially numbered by set. State's Exhibits 2 through 17 show checks that were stolen in the burglary on November 28th, the envelopes in which some were returned, and the letters that were enclosed with the envelopes.

Late in the evening of November 27, 1971, after leaving his coat with his wallet in it alone with appellant in a night spot, Robert Doke. found his wallet containing his Bankamericard to be missing.

On Saturday, November 27, 1971, appellant arrived at state's witness Kaye Stevenson's house dressed in the uniform of the burglarized business. On Monday, November 29th, appellant returned to Kaye Stevenson's house in a green Ford Torino, stating that Chamblee Veterans Transfer had furnished him a car. Appellant asked Kaye Stevenson to write some letters for him and to fill out some checks for him. State's Exhibits 10 and 11 were letters written by Kaye Stevenson at the appellant's request. State's Exhibit 10 was sent to a Richard Beck. The name "Richard Beck" appears on State's Exhibits 14 and 17. These checks were identified as taken in the burglary of the afore-mentioned premises. Kaye Stevenson testified that at the request of appellant, she filled out State's Exhibits 14, 15, 16 and 17, also checks stolen in the burglary.

On Monday, November 29, 1971, appellant cashed State's Exhibit 28. He was at this time driving a green Ford Torino, the same one that was rented by his half-brother. State's Exhibit 28 is made out to Richard Beck.

On Monday, November 29, 1971, an individual driving a late model Ford Torino, bearing the same license number as the rented car, wearing a uniform of the burglarized corporation and using Robert Doke's Bankamericard, cashed State's Exhibit 2, which was one of the blank payroll checks stolen in the burglary. On December 10, 1971, State's Exhibit 3 was cashed. This check was made out to Robert Doke, appellant's half-brother.

1. During the course of the trial, the State called a Mr. Donald Kite as a witness. The defendant objected to testimony of the witness "on the grounds I have made a demand for a list of witnesses, properly, to the District Attorney, and I have been furnished a list of witnesses and this witness' name is not on it."

Ga. L. 1966, pp. 430, 431 (see Code Ann. § 27-1403 ; Ga. Const., Art. I, Sec. I, Par. V (Code Ann. § 2-105))provides: "Every person charged with an offense against the laws shall be

furnished, on demand, previously to his arraignment, with a copy of the accusation, and a list of the witnesses on whose testimony the charge against him is founded. Without the consent of the defendant, no witness shall be permitted to testify for the State whose name does not appear upon the list of witnesses as furnished to the defendant unless the solicitor or prosecuting attorney shall state in his place that the evidence sought to be presented is newly-discovered evidence which the State was not aware of at the time of its furnishing the defendant with a list of the witnesses."

The district attorney stated in his place that he did not have notice of the witness until the night before the trial—"His name was not in my file; I had no knowledge of Mr. Kite . . ." The defense stated "We have some information that this witness was identified and found last night sometimes." The district attorney's statement authorized the use of this witness. *Butler v. State,* 226 Ga. 56, 59 (172 SE2d 399); *Mitchell v. State,* 226 Ga. 450 (3) (175 SE2d 545).

2. The circumstantial evidence is unrebutted and, although silent concerning identity of defendant as delivering and uttering the checks identified as State's Exhibits 4 and 5, his association with the stolen checks, including these two, is more than sufficient to constitute being a party to the crime by intentionally aiding and abetting and chargeable as a party to the crime. Ga. L. 1968, pp. 1249, 1271 (Code Ann. § 26-801).

The evidence is sufficient to support the verdict. The court did not err in overruling defendant's motion for directed verdict based on insufficiency of evidence and defendant's motion for new trial on the general grounds.

*Judgment affirmed. Eberhardt, P. J., and Stolz, J., concur.*
SUBMITTED APRIL 9, 1973 — DECIDED APRIL 24, 1973 —
REHEARING DENIED MAY 9, 1973 — ▮

*Edward Lang,* for appellant.
*Richard Bell, District Attorney, Hardaway Young, III,* for appellee.