## 28075. GREEN v. GREEN.

NICHOLS, Justice. This is an appeal from a denial of relief upon a petition for a writ of habeas corpus. On direct appeal his conviction was affirmed. *Green v. State,* 124 Ga. App. 469 (184 SE2d 194). The present complaint contends that the conviction should be set aside inasmuch as he was tried after the effective date of the Act of 1970 providing for bifurcated trials (Ga. L. 1970, pp. 949, 950; Code Ann. § 27-2534), and relies upon the decision of this court in *Todd v. State,* 228 Ga. 746 (187 SE2d 831).

The trial court found that the prisoner was represented by employed counsel on the trial and on the appeal and that the failure to raise such question there constituted a waiver as to such question relying upon *Brackett v. State,* 227 Ga. 493 (181

SE2d 380).

" ' "It is a well-settled rule of practice and procedure that where one, as here, has been convicted of crime, habeas corpus cannot be used as a substitute for appeal or other remedial procedure for the correction of errors and irregularities; nor can it be used as a second appeal for such purpose. It is an appropriate remedy only when the judgment or sentence under which applicant is being restrained is not merely erroneous but is absolutely void." *Ferguson v. Balkcom,* 222 Ga. 676, 677 (151 SE2d 707) and cit.' *Bonner v. Smith,* 226 Ga. 250 (3) (174 SE2d 438); *Bush v. Chappell,* 225 Ga. 659, 660 (171 SE2d 128)." *Poss v. Smith,* 228 Ga. 168 (184 SE2d 465).

As was held in *Brackett v. State,* supra, the conduct of the prisoner, who was represented by employed counsel, in waiting until after the verdict of guilty was received served as a waiver of the grounds of attack upon the trial procedure followed by the trial court, and the judgment remanding the prisoner to custody shows no reversible error.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JULY 13, 1973 — DECIDED
SEPTEMBER 6, 1973.

*Lloyd E. Grimes,* for appellant.

*Arthur K. Bolton, Attorney General, Courtney Wilder Stanton, William F. Bartee, Jr., Assistant Attorneys General,* for appellee.