29091. CALDWELL v. BEARD.

UNDERCOFLER, Justice.

Esiah Beard, Jr., was indicted by the Richmond County Grand Jury for the offense of murder. He entered a guilty plea and was sentenced to life imprisonment. His petition for the writ of habeas corpus contends that when his plea of guilty to murder was entered in 1964, he was promised a sentence of twenty years but instead received life imprisonment. The attorney who represented him in 1964 testified that he had discussed the case with the district attorney and the judge and they had agreed that the applicant's sentence would be "remolded" to twenty years. The attorney also testified that he fully instructed

the applicant that he could receive the death sentence or life imprisonment in the case. The habeas corpus judge remanded the case to the Richmond Superior Court in order that the alleged twenty year sentence could be entered. The appeal is from this judgment. *Held:*

In 1964 when this sentence was entered, the punishment for murder in this state was death except in certain instances when a life sentence could be imposed. Code § 26-1005 (as amended in 1963, p. 122). (For the present law see Code § 26-1101 (c); Ga. L. 1968, pp. 1249, 1276). On a bill of indictment charging the applicant with murder in 1964 only death or life imprisonment could be imposed. The evidence shows, and the trial court found, that the applicant was fully informed that either of these sentences could be imposed. His contention is that his sentence was to be "remolded" at a later time to twenty years. The applicant has waited ten years since his sentence—after the deaths of the trial judge, the district attorney, and after the personnel in the district attorney's office has changed—to come into court on a habeas corpus petition and contend that he entered his guilty plea because he was promised a twenty year sentence—a sentence which could not lawfully be imposed on a murder indictment under the laws of this state at the time the plea was entered.

There is a presumption in favor of the validity of sentences, in favor of a record or judgment unreversed, of the proper conduct of courts and judicial officers acting within their legitimate sphere and of other officers of the law, after the lapse of time has rendered it dangerous to open the investigation of their acts in regard to mere formalities of the law. Code § 38-114. The burden of overcoming this presumption in a habeas corpus proceeding is upon the prisoner. *Gay v. Balkcom,* 219 Ga. 554 (134 SE2d 600); *Dutton v. Parker,* 222 Ga. 532 (150 SE2d 833).

"The standard [for determining the validity of guilty pleas] was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." North Carolina v. Alford, 400 U. S. 25, 31 (91 SC 160, 27 LE2d 162); *Bailey v. Baker,* 232 Ga. 84 (4) (205 SE2d 278). The question is

whether the plea was voluntary and intelligent. Brady v. United States, 397 U. S. 742 (90 SC 1463, 25 LE2d 747).

We find in this case that the applicant was fully advised that he could receive a death sentence or a life sentence. These were the only lawful sentences which could be imposed on a murder indictment. We, therefore, hold that the applicant has not overcome the presumption of the validity of his sentences because of his contention that he was to subsequently receive an unlawful lesser sentence.

*Judgment reversed. All the Justices concur.*

SUBMITTED AUGUST 16, 1974 — DECIDED SEPTEMBER 4, 1974.

*Arthur K. Bolton, Attorney General, William F. Bartee, Jr., Assistant Attorney General,* for appellant.
Esiah Beard, Jr., *pro se.*