## 29735. MOYE v. HOPPER.

UNDERCOFLER, Presiding Justice.

Jamie N. Moye filed an application for the writ of habeas corpus. After a hearing, the application was denied and the applicant remanded to the custody of the warden of the Georgia State Prison. He appeals to this court. This case was previously considered in *Moye v. State,* 122 Ga. App. 14 (176 SE2d 180); 330 FSupp. 290; 460 F2d 138. *Held:*

1. The appellant contends that a witness testified at his trial whose name did not appear on the list of witnesses on the indictment; that the trial court erred in overruling his motion for a directed verdict; that evidence of other crimes was introduced during his trial; that when his case was before the Court of Appeals for review, the opening and closing argument of the district attorney and defense attorney were not in the transcript; that the testimony of the witnesses at his trial was inconsistent;

and that he was not informed of all the charges against him prior to arraignment.

"It is a well-settled rule of practice and procedure that where one, as here, has been convicted of crime, habeas corpus cannot be used as a substitute for appeal or other remedial procedure for the correction of errors and irregularities; nor can it be used as a second appeal for such purpose. It is an appropriate remedy only when the judgment or sentence under which applicant is being restrained is not merely erroneous but is absolutely void." *Ferguson v. Balkcom,* 222 Ga. 676, 677 (151 SE2d 707); *Bonner v. Smith,* 226 Ga. 250 (3) (174 SE2d 438); *Bush v. Chappell,* 225 Ga. 659, 660 (171 SE2d 128); *Poss v. Smith,* 228 Ga. 168 (184 SE2d 465); *Green v. Green,* 231 Ga. 311 (201 SE2d 440).

It follows that there is no merit in these contentions. Moreover, many of these questions were raised and decided by the Court of Appeals on the direct appeal. *Moye v. State,* 129 Ga. App. 52 (198 SE2d 514).

2.  The appellant contends that his conviction is void because some evidence used against him was obtained as a result of an unlawful search and seizure. The appellant testified at the habeas corpus hearing that he was living with his mother, a sister and a brother and that his brother went into his personal belongings and obtained some handwriting samples which he gave the police officers. The appellant contends that this was an unlawful search and seizure. There is no merit in this contention. "It is no part of the policy underlying the Fourth Amendment to discourage citizens from aiding to the utmost of their ability in the apprehension of criminals. Accordingly, it has long been recognized that the Fourth Amendment's protections against unreasonable search and seizure do not extend to a search or seizure made by private individual, conducted without police participation. In support of this rule, it has been said that the origin and history of the Fourth Amendment clearly show that it was intended only as a restraint upon the activities of sovereign authority, and that a contrary ruling would have no deterrent effect since private persons would be unaware of the rule." 68 AmJur2d 670, § 13; *Marsh v. State,* 223 Ga. 590 (1) (157 SE2d 273).

3. The appellant contends that the grand and traverse juries which indicted and convicted him were not composed of a cross section of the community. There was no evidence introduced to support this contention except the bare statement of the appellant. This is insufficient to overcome the presumption that the juries were drawn and impaneled according to law. *Pickler v. Smith,* 226 Ga. 109 (172 SE2d 696); *Moore v. Caldwell,* 229 Ga. 132 (3) (189 SE2d 396).

4. The appellant contends that his past convictions were presented to the jury in the sentencing feature of his trial to enhance his punishment and that these convictions were void. There was no evidence introduced at the habeas corpus hearing to show what allegedly void sentences were presented to the jury when they were considering his sentence or why they were void. There is a presumption in favor of the validity of sentences and the burden of overcoming this presumption in a habeas corpus proceeding is upon the prisoner. Code § 38-114; *Gay v. Balkcom,* 219 Ga. 554 (134 SE2d 600); *Dutton v. Parker,* 222 Ga. 532 (150 SE2d 833); *Caldwell v. Beard,* 232 Ga. 701 (208 SE2d 564).

5. The appellant contends that the trial court erred in failing to appoint counsel for him at his habeas corpus hearing. There is no merit in this contention. "An application for the writ of habeas corpus is not a criminal proceeding, and neither the Sixth Amendment of the Constitution of the United States nor Art. I, Sec. I, Par. V (Code Ann. § 2-105) of the Georgia Constitution requires the appointment of counsel for the petitioner." *Wallace v. Ault,* 229 Ga. 717 (2) (194 SE2d 88).

6. The appellant contends that the habeas corpus court erred in failing to call his case in the order that it appeared on the calendar and that this constitutes reversible error. There is no merit in this contention.

7. The appellant contends that the respondent was in default in not answering his application and that this denied him a fair hearing. There is no merit in this contention. The habeas corpus court allowed the appellant all the time he desired to study the answer of the respondent which was filed late. This procedure cured any harm which might have resulted due to the late filing,

and, in any event, "disobedience of a respondent to a writ requiring him to answer within a stated time may subject him to punishment for contempt but it does not require release of the prisoner." *Beavers v. Smith,* 227 Ga. 344, 345 (180 SE2d 717); *Bailey v. Baker,* 232 Ga. 84 (1) (205 SE2d 278); *Huddleston v. Ricketts,* 233 Ga. 112 (1) (210 SE2d 319).

8. The appellant contends that his appointed trial counsel was ineffective. The habeas corpus judge reviewed portions of the trial transcript and held that trial counsel represented the appellant in a competent manner.

9. The appellant contends that his conviction was based on an illegal lineup in that he was brought into the courtroom wearing handcuffs and was the only person sitting in front of the railing at counsel table not wearing a coat and tie. This contention was made by the appellant in the U. S. District Court, and the court there said: "However, the trial transcript before this court discloses only that petitioner was seen in handcuffs by a witness in the anteroom leading to the courtroom. Although it is true petitioner did not have on a coat and tie in the courtroom, that is not sufficient to bring this case within the language of Brooks.[Brooks v. State of Texas, 381 F2d 619, 5th Cir.]". Moye v. State of Ga., 330 FSupp. 290 (1971). Since this question was decided in the federal district court, it will not be reviewed again. Compare *Elrod v. Ault,* 231 Ga. 750 (204 SE2d 176).

*Judgment affirmed. All the Justices concur, except Gunter and Ingram, JJ., who dissent.*

SUBMITTED MARCH 10, 1975 — DECIDED APRIL 22, 1975.

Jamie N. Moye, *pro se.*
*Arthur K. Bolton, Attorney General, David L. G. King, Jr., Assistant Attorney General,* for appellee.