51527. JERDINE v. THE STATE.

WEBB, Judge.

Jessie Jerdine operated a salvage and used car business in Atlanta and also provided room and board for Samuel Mask, the co-defendant. Jerdine, along with Mask, visited Colonial Lincoln-Mercury and represented that Mask, who had a bandage around his head, had been in an accident and would be buying a car with the proceeds of an insurance settlement. Jerdine also went alone to John Smith Chevrolet Company and discussed with salesman E. A. Davis Mask's prospective purchase of an automobile with the insurance proceeds. In both cases Jerdine asked for a "bird-dog" fee for his services in bringing Mask in contact with the salesman.

Approximately five weeks later Jerdine and Mask returned to Colonial Lincoln-Mercury, and Mask purchased a Lincoln Continental with a check drawn on the Metropolitan Life Insurance Company for $5,500, receiving a refund check for the difference of $500. A few days later they went to John Smith Chevrolet Company where Mask contracted to purchase an automobile for $3,226.80, tendering a check on Metropolitan Life Insurance Company for $6,250. They were told to return the next day for the car and the refund, and upon doing so they were arrested and charged with forgery. While searching Jerdine Officer Watson found a bill of sale for the Continental and a traffic citation issued to Jerdine while he was operating it.

Officer Watson also arrested Frank Weeks, who lived with Jerdine and Mask. Weeks had passed other counterfeit checks which were duplicates of the two presented by Mask, and all the checks in question were copied from a Metropolitan dividend check intended for another person.

Mask and Jerdine were convicted of forgery, and Jerdine appeals.

1. Jerdine contends that he was merely accom-

panying Mask in order to exercise his expertise as a mechanic to help him select cars and to earn a "bird-dog" fee for himself, and that since Mask made the actual purchase he, Jerdine, was not guilty of forgery. " 'Section 26-801 of the Criminal Code of Georgia defines parties to a crime and provides that every person concerned in the commission of a crime is a party thereto and may be charged and convicted of the commission of the crime. Insofar as is material to this case, that section provides that a person is concerned in the commission of a crime if he intentionally aids or abets in the commission of the crime, or advises, encourages, hires, counsels or procures another to commit the crime. While this Code section does not use the word "conspiracy" it is plain that it embodies the theory of conspiracy insofar as it renders one not directly involved in the commission of a crime responsible as a party thereto.' *Scott v. State,* 229 Ga. 541, 544 (192 SE2d 367). The existence of a conspiracy may appear from 'direct proof, or by inference, as a deduction from conduct, which discloses a common design on the part of the persons charged to act together for the accomplishment of the unlawful purpose.' *Lumpkin v. State,* 176 Ga. 446, 449 (168 SE 241)." *McGinty v. State,* 134 Ga. App. 399, 400 (214 SE2d 678).

Code § 26-801 has been applied to support a conviction for forgery on circumstantial evidence (*Moye v. State,* 129 Ga. App. 52, 54 (198 SE2d 514)); and "[t]he rule as to the sufficiency of circumstantial evidence to support a conviction is that the evidence exclude every reasonable hypothesis except the guilt of the accused, not that it removes every possibility of his innocence." *Eason v. State,* 217 Ga. 831, 840 (125 SE2d 488); *McConnell v. State,* 235 Ga. 366 (220 SE2d 5).

We hold that the jury was authorized to conclude that Jerdine conspired with Mask to forge the checks and purchase cars with them, and the corresponding enumerations of error are without merit.

2. Jerdine contends that the trial court erred in allowing the district attorney to cross examine him as to subject matter not covered on direct examination. While it is the rule in some jurisdictions that cross examination must be limited to the subject matter of direct

examination, that is not the rule in Georgia. *Ficken v. City of Atlanta,* 114 Ga. 970 (1) (41 SE 58); *First Nat. Bank v. Carmichael,* 198 Ga. 309 (31 SE2d 811); Green, The Georgia Law of Evidence §§ 126, 221, pp. 314-315, 498-499. Since a party is limited to the ground of objection as stated at trial, and the ground involved here is without merit, we find no reversible error.

3. Jerdine moved for a mistrial on the ground that certain testimony concerning Milton Brooks had "absolutely no relevancy in this case." The evidence tended to show that Jerdine knew and had business dealings with Brooks, an agent for Metropolitan, who had worked in the office from which the check used to make the forgeries had disappeared. This testimony was relevant on the question of conspiracy, and the motion for mistrial was properly denied.

4. Complaint is made of various portions of the district attorney's argument. We find no reversible error under the standards laid down in *Milam v. State,* 108 Ga. 29, 31 (33 SE 818) and *Walker v. State,* 232 Ga. 33, 36 (205 SE2d 260).

5. Co-defendant Mask elected not to testify but, after the close of the evidence and argument by counsel, he announced that he had changed his mind and wished to testify. The trial court refused to reopen the case, and Jerdine enumerates this ruling as error.

It appears from the record that Jerdine opposed reopening the evidence — "I disapprove of this occurrence here. Thought it would serve no useful purpose." Accordingly he is in no position to complain now. In any event the trial court has a wide discretion in these matters (*Ford v. State,* 232 Ga. 511, 514 (4) (207 SE2d 494)), and no abuse has been made to appear.

6. Remaining enumerations are without merit.

*Judgment affirmed. Deen, P. J., and Quillian, J., concur.*

Submitted January 14, 1976 — Decided February 13, 1976 — Rehearing denied March 2, 1976 — 

*Horton J. Greene,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Carole E. Wall, Assistant District Attorneys,* for appellee.