### 37888. LEWIS v. FORD.

PER CURIAM.
Petitioner was convicted of five counts of theft by receiving stolen property and sentenced to ten years on each count, the sentences to run concurrently. An appeal apparently was taken, but was later withdrawn.

Petitioner filed a habeas corpus petition in the Superior Court of DeKalb County, and a hearing was held on April 29, 1981. Habeas relief was denied on the following ground: "Where a Petitioner, as in the instant case, has intentionally failed to exhaust his appellate remedies, habeas corpus is not an appropriate remedy. *Moye v. Hopper,* 234 Ga. 231 (1975)."

We must disagree with the trial court's ruling that, under *Moye,* petitioner's failure to pursue an appeal precludes all habeas relief. *Moye* specifically states that, although " 'habeas corpus cannot be used as a substitute for appeal or other remedial procedure for the correction of errors [or] . . . as a second appeal for such purpose [, it] is [otherwise] an appropriate remedy . . . when the judgment or sentence under which applicant is being restrained is not merely erroneous but is absolutely void.' [Cits.]" Id. at 231.

Petitioner's failure to pursue an appeal did not, ipso facto, render habeas corpus an "[in]appropriate remedy." See *Hammock v. Zant,* 243 Ga. 259 (253 SE2d 727) (1979); see also *McDuffie v. Jones,* 248 Ga. 544 (283 SE2d 601) (1981). Accordingly, the judgment is vacated and the case is remanded for further proceedings.

*Judgment vacated. All the Justices concur.*

DECIDED JANUARY 27, 1982.

Judge Bolden Lewis, *pro se.*
*Michael J. Bowers, Attorney General,* for appellee.