## 64522. APAM, INC. v. DIVERSIFIED AIR PRODUCTS, INC.

McMurray, Presiding Judge.

This case involves a suit for open account for certain dental equipment allegedly ordered by the defendant (by telephone) and shipped by the plaintiff to the defendant. Demand was made for payment and when the defendant refused to pay same plaintiff brought this action.

The defendant answered the complaint by seeking to establish that APA Business Services, Inc., d/b/a APA Business Machines, by and through its president, *Ahmed Tahamtan,* was the correct defendant and not APAM, Inc. (whose registered agent was alleged to be *Amir Tahantan*). The answer in general denied the claim admitting only demand and refusal. The answer could be interpreted as that of APA Business Services, Inc., but as it contained the correct civil action file number and was signed by counsel for defendant (APAM, Inc.) it could be said to be a denial of the claim by the defendant.

The case proceeded to trial before the court which rendered its findings that the defendant, APAM, Inc., agreed to purchase from the plaintiff the specified dental equipment; agreed to pay $2,999.36 for same; the plaintiff shipped the equipment to the defendant, and the defendant received same invoiced in that amount which had not been paid, and the plaintiff was entitled to recover that sum from the defendant. Judgment was entered against the defendant, and it appeals. *Held:*

1. Defendant's first enumeration of error is that the trial court erred in finding there was a debtor/creditor relationship between the parties, hence, it erroneously granted judgment in favor of the plaintiff. In this bench trial the trial court was the trier of fact and its findings may be set aside only if clearly erroneous. Our review of the transcript reveals sufficient evidence to substantiate findings of fact and conclusions of law in this open account case. See *First Nat. Bank v. Langford,* 126 Ga. App. 325 (1, 2), 327-328 (190 SE2d 803); *Allen v. Cobb Heating &c. Co.,* 158 Ga. App. 209, 210 (279 SE2d 505). The trial court's findings of fact and conclusion of law (judgment) were authorized by the evidence. There is no merit in this enumeration.

2. In the defendant's attempt to show that there was no debtor/creditor relationship between the defendant APAM, Inc. and the plaintiff, it offered a certified copy of a judgment of another corporation against the stepson of plaintiff's vice-president in an attempt to show that he probably ordered the equipment. However, we see no relevancy in the injection of two other parties into the case, and the trial court did not err in excluding this evidence here.

*Judgment affirmed. Banke and Birdsong, JJ., concur.*

DECIDED OCTOBER 6, 1982.

*William R. Ritchie,* for appellant.
*Robert E. Hall,* for appellee.