## IN THE MATTER OF STONER.
### (SUPREME COURT DISCIPLINARY NO. 142)

PER CURIAM.

Respondent Jesse Benjamin Stoner was suspended from the practice of law in the State of Georgia, under State Bar Rule 4-106 (Code Ann. Title 9 Appendix), pending the termination of his appeal of a conviction, in Jefferson County, Alabama, of a felony involving moral turpitude. *In the Matter of Stoner,* 246 Ga. 581 (272 SE2d 313) (1980). On February 22, 1983, the United States Supreme Court denied respondent Stoner's petition for a writ of certiorari.

Bar Rule 4-106 (Code Ann. Title 9 Appendix) provides in part: *"Upon termination of any appeal of such conviction,* the State Disciplinary Board shall, after notice to a suspended attorney, cause a hearing to be held either by the Board or a panel thereof, for the purpose of determining whether the circumstances of the termination of the appeal indicate that the suspended attorney should: (a) *be disbarred under Standard 66;* or (b) be reinstated to membership; or (c) continue to be suspended pending *retrial,* as a protection to the public; or (d) be reinstated while the facts giving rise to the conviction are investigated and, if proper, prosecuted under regular disciplinary procedures in these rules." (Emphases supplied.)

In response to the Board's petition for hearing, the respondent admitted that the United States Supreme Court has denied his petition for a writ of certiorari, but denied that his appeal has been "terminated," because he is now seeking to overturn his alleged illegal criminal conviction in a petition for a writ of habeas corpus pending in the United States District Court for the Middle District of Alabama, Montgomery Division.

It is clear that the appeal to the United States Supreme Court comes within the definition of "any appeal" in Bar Rule 4-106 (Code Ann. Title 9 Appendix). It is equally clear that that appeal was terminated by the denial of the petition for certiorari. " 'It is a well-settled rule of practice and procedure that where one, as here, has been convicted of crime, habeas corpus cannot be used as a substitute for appeal or other remedial procedure for the correction of errors and irregularities; *nor can it be used as a second appeal for such purpose.* It is an appropriate remedy only when the judgment or sentence under which applicant is being restrained is not merely erroneous but is absolutely void.' *Ferguson v. Balkcom,* 222 Ga. 676, 677 (151 SE2d 707); *Bonner v. Smith,* 226 Ga. 250 (3) (174 SE2d 438); *Bush v. Chappell,* 225 Ga. 659, 660 (171 SE2d 128); *Poss v. Smith,* 228 Ga. 168 (184 SE2d 465); *Green v. Green,* 231 Ga. 311 (201 SE2d 440)." (Emphasis supplied.) *Moye v. Hopper,* 234 Ga. 230 (1) (214 SE2d 920) (1975). Thus, the pending habeas corpus petition does not constitute either a continuation of the respondent's appeal or a second appeal.

The above is true notwithstanding the fact that the Habeas Corpus Act of 1967 (Ga. L. 1967, pp. 835-839; OCGA Ch. 9-14; *Code Ann. Ch.* 50-1) enlarged the scope of matters that will be considered on habeas corpus. OCGA § 9-14-40 (Code Ann. § 50-129); *Bush v. Chappell,* supra, p. 660. Nor is the result different because it is federal habeas corpus relief that is being sought, because our 1967 habeas corpus statute was designed to allow the courts of this state to hear and adjudicate collateral attacks of criminal convictions in as broad a fashion as the federal courts, and to make the state remedy co-extensive with the federal remedy. Stewart v. Ricketts, 451 FSupp. 911 (M. D. Ga. 1978).

The respondent having waived the hearing provided for in Rule 4-106 (Code Ann. Title 9 Appendix), supra, the Board was authorized to adopt the findings of fact and conclusions of law of the special master's supplemental report, and to recommend that the respondent be disbarred. We hereby approve of and adopt the Board's recommendation.

Respondent, Jesse Benjamin Stoner, is hereby disbarred from the practice of law in the State of Georgia. His name shall be struck from the roll of attorneys.

*All the Justices concur.*

DECIDED APRIL 4, 1984.

*Omer W. Franklin, Jr., General Counsel State Bar, Joe David Jackson, Assistant General Counsel State Bar, D. Nicholas Winn, Assistant General Counsel State Bar,* for State Bar of Georgia.
*Michael R. Johnson,* for Stoner.