## IN THE MATTER OF ROBERT STRICKLAND, JR.
### (SUPREME COURT DISCIPLINARY No. 491)
#### (345 SE2d 39)

PER CURIAM.

Robert Strickland, Jr., a member of the State Bar of Georgia, was, on March 1, 1986, found guilty of the offense of murder under Indictment CR85-813, Superior Court of DeKalb County. Strickland was sentenced to life imprisonment. Standard 66 of Rule 4-102 of the Rules and Regulations of the State Bar of Georgia provides: "Final conviction of any felony or misdemeanor involving moral turpitude shall be grounds for disbarment. The record of final conviction in any jurisdiction based upon a guilty plea or upon a verdict of guilt shall be conclusive evidence of such conviction and of infraction of this rule and shall be admissible in proceedings under these disciplinary rules . . ."

Rule 4-106 of the State Bar of Georgia provides: "An appeal of a conviction, in any jurisdiction, of any felony or misdemeanor involving moral turpitude shall not divest the State Disciplinary Board of jurisdiction to order a hearing before itself or a special master ap-

pointed by the Supreme Court requiring the convicted attorney to show cause why he should not be suspended during the appeal . . ."

On March 28, 1986, the special master found as a matter of fact that Strickland had been convicted of a felony, and that the special master was not aware of the pendency of an appeal of the conviction, but that the time for filing notice of such appeal had not, as of the date of the hearing, expired. The special master filed his recommendations with the Supreme Court of Georgia recommending: "(1) That if no appeal is filed within the time allowed, the respondent be disbarred. (2) That if an appeal is filed, pending the outcome of such appeal the respondent be suspended. (3) That if an appeal is filed and the respondent's conviction is affirmed on appeal, the respondent be then disbarred. (4) That if an appeal is filed and upon the termination of such appeal the respondent's conviction is not affirmed, the respondent's suspension be reviewed in the light of the facts then presented."

Appended to the special master's recommendation is a copy of a letter to him from the respondent, stating that his motion for new trial is scheduled for May 16, 1986, and that if this motion should be denied, an appeal will be timely filed thereafter. The file also contains a letter to the State Bar General Counsel, in which the special master stated that he construed the respondent's letter as not objecting to a suspension pending the disposition of his appeal.

We have reviewed the file and accept, concur in and adopt the recommendation of the special master of suspension during the appeal.

We hereby order that respondent Strickland be suspended from the practice of law pending the final disposition of his appeal.

*All the Justices concur.*