## IN THE MATTER OF ROBERT STRICKLAND, JR.
### (SUPREME COURT DISCIPLINARY No. 491)
#### (365 SE2d 410)

PER CURIAM.

Respondent Robert Strickland, a member of the State Bar of Georgia, was, on March 1, 1986, found guilty of murder in the Superior Court of DeKalb County, and sentenced to life imprisonment. Pursuant to a disciplinary proceeding brought by the State Bar of Georgia under Rule 4-106 of the Rules and Regulations for the Organization and Government of the State Bar of Georgia (255 Ga. 863), this Court adopted the recommendation of the special master and ordered that the respondent be suspended from the practice of law pending the final disposition of his appeal. *In the Matter of Strickland,* 256 Ga. 35 (345 SE2d 39) (1986).

On June 24, 1987, this Court reversed the respondent's conviction, based on a misleading instruction to the jury regarding a charge explaining the crime of voluntary manslaughter, and on the exclusion of evidence arising out of a denial of cross-examination of a witness.

*Strickland v. State,* 257 Ga. 230 (357 SE2d 85) (1987).

Thereafter, the respondent requested of the State Bar of Georgia, reinstatement and a lifting of his suspension. The matter was again referred to a special master, who found that the respondent remains incarcerated without bond; that the respondent has filed a petition for the writ of habeas corpus in the United States District Court for the Northern District of Georgia; that the DeKalb County District Attorney's Office intends to retry the respondent if the habeas corpus action should be unsuccessful; and that the federal court has stayed any retrial until the habeas corpus matter is concluded. Based on these findings, the special master recommended that the respondent remain suspended until he is either retried and found not guilty or his retrial is barred by a judgment which is final and binding.

The respondent contends that he should be reinstated under part (f) (1) (ii) or (iv) of State Bar Rule 4-106, "conditioned on the special master['s] and the board['s] retaining jurisdiction over this matter in the event of my retrial and conviction some time in the future." He states that continuing the suspension under part (iii) of the Rule ("pending retrial as a protection to the public") would not be appropriate in his case because the crime involved in his case was totally separate from his being an attorney, and his reinstatement would pose no threat to the public. He argues that his status now is no different from that of any other attorney accused of a crime but not yet convicted, who are presumed innocent and not suspended until convicted. Finally, he argues that continued suspension would cause him irreparable harm if his application for bond is granted and he could not practice law during the pendency of the habeas corpus proceeding.

This is apparently a case of first impression, involving the construction of the words "as a protection to the public" in Rule 4-106 (f) (1) (iii). We agree with the special master's construction that the primary focus is the public interest, rather than the personal interest of the respondent. The respondent was convicted of murder and sentenced to life imprisonment. His appeal was successful not because of an infirmity which disposed of the issue of criminality, as in *In the Matter of Campbell*, 251 Ga. 850 (311 SE2d 167) (1984), cited by the respondent, but rather because of procedural errors which demand a retrial. One cannot conclude from our decision on appeal in *Strickland*, 257 Ga. 230, supra, that it is probable or even likely that on retrial the respondent will escape a verdict of guilty of some crime which involves moral turpitude, which, under Bar Standard 66, is grounds for disbarment. It would be incongruous to hold that an appeal from a conviction involving incompetence or theft, for example, would warrant continued suspension, but that an appeal from a conviction of murder would not. Cf. *In the Matter of Cook*, 256 Ga. 386

(349 SE2d 702) (1986). The right to practice law is a privilege, which cannot be likened to the right of a person accused not to be punished until convicted.

We have reviewed the file and accept, concur in, and adopt the recommendation of the special master of suspension until the respondent is either retried and found not guilty or his retrial is barred by a judgment which is final and binding.

We hereby order that respondent Strickland remain suspended from the practice of law pending the final disposition of his appeal.

*Suspended pending appeal. All the Justices concur.*

DECIDED MARCH 9, 1988.

*William P. Smith III, General Counsel State Bar, Joe David Jackson, Assistant General Counsel State Bar,* for State Bar of Georgia.