## 77121. THE STATE v. LOVIG.
### (376 SE2d 229)

POPE, Judge.

The stipulated record shows that on November 12, 1987, a cable television repairman was dispatched to investigate a complaint by defendant Teresa Gail Lovig's neighbor. The repairman suspected the cable signal had been diverted into an adjacent apartment rented by defendant. The resident manager of the apartment building opened the defendant's apartment with a pass key and permitted the repairman to enter. Once inside, the repairman discovered the television cable was spliced and the signal was diverted to defendant's television. He also discovered and removed a damaged convertor box belonging to the cable company from atop defendant's television. The police were called and were inside defendant's apartment when she returned home. Defendant was charged with damaging utility company property in violation of OCGA § 16-7-25. The court granted defendant's motion to suppress evidence obtained by what she alleged was an illegal search. We reverse.

The court's order was based on a finding that the cable television company employee did not have a right to enter defendant's apartment. However, that is not the deciding issue for ruling upon defendant's motion to suppress. Even if the employee's entry into defendant's apartment was unauthorized, the search and seizure was committed by a private individual. " '(T)he protection afforded by the Fourth Amendment proscribes only governmental action and is wholly inapplicable to a search or seizure, even an unreasonable one,

effected by a private individual not acting as an agent of the government or with the participation of a government official.' " *Williams v. State*, 257 Ga. 788, 789 (364 SE2d 569) (1988), quoting *United States v. Jacobsen*, 466 U. S. 109 (104 SC 1652, 80 LE2d 85) (1984). " 'The test . . . is whether (the private individual), in light of all the circumstances of the case, must be regarded as having acted as an "instrument" or agent of the (government) when (he) produced (the evidence).' *Coolidge v. New Hampshire*, 403 U. S. 443, 487 (91 SC 2022, 29 LE2d 564) [(1971)]." *Marks v. State*, 174 Ga. App. 711, 714 (331 SE2d 900) (1985).

Here, the record shows the convertor box was seized and the diversion of the television signal was discovered prior to the arrival of the police. The record reflects that the television company employee acted on his own. No evidence suggests the employee acted as an agent of or under the direction of a law enforcement agency. In such a case the exclusionary sanction does not apply. See *Moye v. Hopper*, 234 Ga. 230 (2) (214 SE2d 920) (1975); *Marks v. State*, supra; *Lester v. State*, 145 Ga. App. 847 (2) (244 SE2d 880) (1978); *Gasaway v. State*, 137 Ga. App. 653 (2) (224 SE2d 772) (1976).

This court has held that a landlord has no authority to consent to a search of the tenant's quarters and that evidence seized during such a search, without a valid warrant, should be excluded. *State v. Oliver*, 183 Ga. App. 92 (357 SE2d 889) (1987). In *Oliver*, the landlord, while on the premises rented to defendant, discovered contraband and called police who conducted a search and seized the contraband. *Oliver* involved the seizure of defendant's property by the police without a warrant. In the case at hand, although the landlord's manager opened defendant's apartment to let the cable company employee and the police enter, it was the cable company's employee who recovered the company's own property and discovered the company's cable had been spliced and the company's signal diverted. Thus, the facts of this case are distinguishable from those in *Oliver*. This case does not involve an illegal search and seizure of defendant's property by the police but a recovery of property belonging to another by a private individual, who then offered the evidence to the police. The trial court erred in granting defendant's motion to suppress.

*Judgment reversed. McMurray, P. J., and Benham, J., concur.*

DECIDED DECEMBER 2, 1988.

John C. Carbo III, *Solicitor*, Anne M. Landrum, *Assistant Solicitor, for appellant.*

Roger A. Hunsicker, *for appellee.*