## IN THE MATTER OF ROBERT STRICKLAND, JR.
### (SUPREME COURT DISCIPLINARY NO. 491)
#### (398 SE2d 1)

PER CURIAM.

This disciplinary proceeding stems from respondent's conviction of murder and sentence of life imprisonment. Pursuant to Bar Rule 4-106, a special master was appointed by this court. The special master recommended suspension pending the outcome of respondent's appeal of his criminal conviction, with disbarment to follow if the conviction were affirmed. This court adopted that recommendation and suspended respondent from practicing law pending final disposition of his appeal. *In the Matter of Strickland*, 256 Ga. 35 (345 SE2d 39) (1986). The conviction was reversed and respondent sought reinstatement. This court again adopted the recommendation of the special master that the suspension continue until respondent was retried and acquitted or retrial was barred by a final and binding judgment. *In the Matter of Strickland*, 258 Ga. 50 (365 SE2d 410) (1988).

Respondent was retried and was again convicted of murder and sentenced to life imprisonment. That conviction was affirmed, following which the special master found that respondent had violated Standard 66 of Bar Rule 4-102, and recommended disbarment. The Review Panel of the State Disciplinary Board approved the recommendation of the special master and recommended that respondent be disbarred from the practice of law. The report of the Review Panel was filed in this court on June 29, 1990. Respondent's exceptions to that report were timely filed with this court.

1. In one exception, respondent contends that a final resolution of this case is premature because his appeal continues in the form of a habeas corpus proceeding still pending in the county in which he is incarcerated. That contention is controlled adversely to respondent by *In the Matter of Stoner*, 252 Ga. 397 (314 SE2d 214) (1984).

2. In his other two exceptions, respondent complains of procedural irregularities involving service of reports and the conduct of hearings. After examining the entire record in light of the evidence, the procedural history, and the incontrovertible fact that appellant has been convicted of murder, for which disbarment is an appropriate sanction under Rule 4-106, Rules of the State Bar of Georgia, we hold that any procedural deficiency which have occurred in this case would not require reversal since it is highly probable that any error did not contribute to the result in this case. C.f. *Johnson v. State*, 238 Ga. 59 (230 SE2d 869) (1976).

Having reviewed the record in this matter, we hereby adopt the recommendation of the Review Panel. Accordingly, we disbar respondent from the practice of law in this state.

*All the Justices concur, except Weltner, J., not participating.*

DECIDED SEPTEMBER 27, 1990 —
RECONSIDERATION DENIED DECEMBER 19, 1990.

*William P. Smith III, General Counsel State Bar, E. Duane Cooper, Assistant General Counsel State Bar,* for State Bar of Georgia.